William Joseph PREUSSER et al., Appellants,

v.

John M. SEALEY, Appellee.

No. 5018.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 24, 1955.

Orgain, Bell & Tucker, Beaumont, for appellants.

Guy W. Rucker, Port Arthur, for appellee.

WALKER, Justice.

This proceeding is a writ of error to review a default judgment against appellants for damages for injury to a concrete driveway owned by appellee.

Appellants have filed one point of error, assigning as error that the return of service on the citation to them does not show service of the petition upon them. The following elements of the citation are material: it is directed to "William Joseph Preusser and S. Z. Scott, individually and as partners;" it refers to the filing of the "Plaintiff's original petition;" and it states that "The nature of the demands of plaintiff is shown by a copy of said Original Petition accompanying this citation."

The material parts of the return read:

"Came to hand on 1 day of March, 1954, at 9 o'clock A.M. and executed in Jefferson County, Texas by delivering to each of the within named ——— in person a true copy of this Citation, with the date of delivery endorsed thereon and the accompanying copy of ——— at the following times and places, towit.

| NAME | DATE | | | TIME | | | PLACE, COURSE AND DISTANCE FROM COURT HOUSE | MILEAGE |
|------|------|--|--|------|--|--|--|---------|
| | MONTH/DAY/YEAR | | | HOUR/MIN./–M | | | | |
| William Joseph, Preusser | 3 | 3 | 54 | 3 | | P. | | |
| S. Z. Scott | 3 | 3 | 54 | 3 | | P. | | |

I actually and necessarily traveled 10 miles in the service of this writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees—Serving 2 copies  $2.50
     Mileage 10 miles  1.00
               —————
     Total  $3.50

(Officer's signature)"

On this process the trial court rendered judgment by default in behalf of plaintiff against "said defendants, William Joseph Preusser and S. Z. Scott" for $1,160, with interest and costs.

Texas Rules of Civil Procedure, rule 101 provides that a copy of the plaintiff's petition shall accompany the citation. T.R. 106 provides that the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. T. R. 107 provides that the officer's return shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant.

The return on the writ states that the officer delivered to each defendant a copy of the citation "and the accompanying copy of ———", without stating in so many words, what this "accompanying copy" was a copy of. If the return shows service of the petition on the defendants it must be by this reference to an "accompanying copy".

On original hearing we held that the omission in the return could be supplied and the return made perfect by referring to the face of the writ, which stated that a copy of the petition did accompany the writ, and this reference being made, that it could be inferred that the "accompanying copy" mentioned in the return was the copy of the petition mentioned in the writ.

We remain of the opinion that this holding is correct, for the reasons given in our original opinion. As we there stated, the courts of this state have been very strict in their construction of returns of service of process. See, for example: Brown v. Robertson, Administrator, 28 Tex. 555, and Tullis v. Scott, 38 Tex. 537. However, in Thompson v. Griffis, 19 Tex. 115, at pages 116 and 117, the court said: "The return should not be thus dependent upon extraneous facts for its validity but should be so shaped that its meaning would be readily intelligible when taken in connection with the writ on which it is endorsed." And in Graves v. Drane, 66 Tex. 658, 1 S.W. 905,

906, the court referred to the face of the writ for information to supplement the return. The statute required the officer to serve the defendant with a copy of the writ and a certified copy of the petition accompanying the writ, but he made return that he had served a copy of the writ, together with a certified copy of plaintiff's original petition, without also stating that this was the copy of the petition which accompanied the writ. Nevertheless, the court inferred that this was true, stating: "The citation itself shows that a certified copy of plaintiffs' petition accompanies it, and none other could legally accompany it. Hence, a certified copy of plaintiffs' original petition in this case must be the copy which accompanied the writ, whether expressly stated or not." The court approved a similar return in Sanders v. City National Bank, Tex., 12 S.W. 110, without discussion. And the opinion in Lauderdale v. R. & T. A. Ennis Stationery Co., 80 Tex. 496, 16 S.W. 308, 309, shows resort to the face of the writ by the court, but this did not resolve the ambiguity in the return since the statement in the return did not unmistakably apply to the petition mentioned in the writ. This return is not as certain as is the return in suit. Said the court: "But the return of the sheriff fails to show either that he delivered to the defendant the copy of the petition that accompanied the citation, or a certified copy thereof. It only shows that he delivered 'a copy' of the petition."

The language quoted from Graves v. Drane seems applicable here. The return on the citation to appellants states that a copy of something accompanied the writ served. The writ itself states that a copy of the petition did accompany it and in this kind of case there is no provision in the Rules for anything else to accompany it. So, in all reasonable probability, the statement in the return did apply to the petition mentioned in the writ and the "accompanying copy" mentioned in the return must be the same one which is mentioned in the writ. If we are right in holding that reference to the face of the writ can be made to supply the omission in the return, the inference that the accompanying copy mentioned in the

writ is the same as that mentioned in the return is as reasonable and as certain as the inference made by the Commission of Appeals in Lipscomb v. Wood County, 292 S.W. 522.

The decisions cited by appellants are not in point on the facts. The return considered in Woodall v. Lansford, Tex.Civ.App., 254 S.W.2d 540, did not permit reference to the writ; it stated that the "accompanying copy" was another copy of the writ itself. The return in suit does not contain such a statement and it does permit reference to the face of the writ.

■ Appellants argue now on rehearing that if our holding is right, then the return necessarily means that a single copy of the petition was served on both defendants, instead of a copy being delivered to each as T.R. 107 requires, because the writ states that a copy, that is, a single copy, of the petition accompanies it; and of course the return does show that both appellants were served at the same time. Appellants say further that if it be not inferred that the single copy of the petition mentioned in the writ was served on both defendants, there is nothing to show what the "accompanying copy" was which, the return states, was delivered to each defendant with a copy of the writ, and we would simply be presuming that this "accompanying copy" was a copy of the petition.

This contention is overruled because the reference to be made to complete the return is, not to the face of the writ in the transcript but to the face of the writs delivered to the appellants. The statement in the return is that to each appellant was delivered "a true copy of this citation, and the accompanying copy of —," and this plainly means that each of the two copies of the citation thus delivered had an "accompanying copy" of something with it, both being delivered to the party. Since each of these copies of the citation, being a copy, would contain the statement that a copy of the petition accompanied it, this statement implies, for reasons set out above, that the "accompanying copy" delivered with the writ was the copy of the

petition which this writ declared to be accompanying it.

■ We have thus acted on a statement made on the face of the citation. In our original opinion we referred to the absence of an explicit direction in T.R. 101 to the Clerk to state in the citation that a copy of the petition did accompany the writ and also referred to the holding in Pruitt v. State, 92 Tex. 434, 49 S.W. 366. However, we remain of the opinion that the Clerk was impliedly authorized to make this statement in the citation and thus, that we are authorized to use this statement to supply the omission in the return.

On original hearing we affirmed the judgment of the trial court and we affirm this judgment and overrule the motion for rehearing. However, our original opinion is withdrawn and this filed in lieu thereof.