Relator has credit for more than eight years on the sentences.

The punishment was enhanced in both convictions upon the allegation that relator, on October 7, 1933, in Criminal District Court No. 2 of Harris County, was finally convicted of felony theft.

It thus appears that the punishment in the second conviction was enhanced under Art. 62, Vernon's Ann.P.C. by the identical prior conviction which the State used to secure a like enhancement of punishment in the conviction on March 9, 1954.

The theft conviction, having been successfully used to enhance the punishment in Cause No. 70678 in Criminal District Court No. 3, was not available to enhance the punishment under Art. 62 P.C. thereafter in Cause No. 71213, in Criminal District Court No. 1. Tuley v. State, 151 Tex. Cr.R. 442, 208 S.W.2d 366; Brown v. State, 150 Tex.Cr.R. 386, 196 S.W.2d 819.

Relator having served the five year sentence imposed in Criminal District Court No. 3 and having served more than the minimum punishment applicable to the primary offense imposed in the second conviction, his further imprisonment is not warranted. Ex parte Puckett, Tex.Cr. App., 310 S.W.2d 117.

The writ is granted and relator is ordered discharged.

**CITIZENS NATIONAL BANK IN ENNIS,**
Appellant,
v.
**T. C. HART, Appellee.**
No. 15976.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 6, 1959.

Rehearing Denied March 6, 1959.

Griffith & Lumpkins, Lynn B. Griffith and Stuart B. Lumpkins, Waxahachie, for appellant.

Dell & Perry Barber and Perry Barber, Colorado City, for appellee.

MASSEY, Chief Justice.

This is an appeal by writ of error from a default judgment in favor of a plaintiff in judgment, T. C. Hart, against a garnishee, Citizens National Bank in Ennis.

■ There are a number of questions presented by the appeal, but, if the provisions of Texas Rules of Civil Procedure, rule 107 commanding that "No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment" apply to a garnishment suit, all other questions may be disregarded.

Such is true because the parties agree and the face of the record reflects that the "return" of the officer on the writ of garnishment was not on file with the clerk of the court for the requisite ten-day period.

The garnishee relies upon the decision of this Court in Woodall v. Lansford, Tex. Civ.App.1953, 254 S.W.2d 540, in which we analyzed the provisions of Rule 107 in respect to the length of time a "return" on a citation must have been on file with the clerk before a default judgment could be taken. The default judgment in said case was for damages. Garnishment was not involved.

■ We are convinced that Rule 107 does apply to any judgment by default against a garnishee in a garnishment suit, such a judgment being one in personam. In garnishment matters the writ is actually of a dual nature, and in one sense it is a praecipe only and the original process and initiatory step in the prosecution of a suit. In the other sense, it is a writ which, upon its service, operates to impound any and all property held by the garnishee belonging to the defendant debtor. Process thus is operative *in personam* as against the garnishee and is operative *in rem* upon

property of the defendant debtor in the hands of the garnishee.

When a default judgment is taken against a garnishee upon his failure to answer in compliance with the commandments of the writ, the plaintiff is actually securing a judgment in personam. Future action taken by the plaintiff in reliance upon such a default judgment would not vary in any particular from that which would follow any other judgment in personam, as in the ordinary judgment for damages.

 Plaintiff Hart argues that garnishment matters have always been controlled by statutes, now merged into the Rules of Civil Procedure. T.R.C.P. 667 (source: Art. 4087, Vernon's Ann.Tex.Civ.St., with minor textual change) specifically provides that "If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court, * * * on or after appearance day, to render judgment by default, as in other civil cases, against such garnishee * * *." His argument amounts to an insistence that the special provisions relative to default judgments in a garnishment suit constitute an exception to the application of the Rules generally to actions of a civil nature within the contemplation of T.R.C.P. 2, and that the provisions of Rule 107 should be disregarded. Otherwise, it is said, Rules 107 and 667 are in seeming conflict, while any conflict would disappear upon treating the Rule relative to default judgment in garnishment matters as an exception under Rule 2. Predicate for the argument is pointed out in relation to the history of the Rules of Civil Procedure. When Arts. 2034 and 2036 were amended and merged into Rule 107, with addition of the ten-day provision, there was no like action taken as to Art. 4087 and Rule 667, into which it was merged.

We do not believe the argument has merit. It is of course lawful for the court to render judgment by default *"as in other civil cases"* (emphasis supplied) where the garnishee is in default, but there is a re-

striction upon rendition of judgments by default "in other civil cases", for such judgments may not be "lawfully" rendered until the citation has been on file a full ten days. As applied to default judgments in garnishment cases, the inhibitions of Rule 107 are operative to make improper and erroneous any such judgment in an instance where the officer's return of the writ of garnishment has not been on file with the clerk of the court a full ten days, exclusive of the day of filing and day of judgment.

Judgment is reversed and the cause remanded for trial.