**Willa Doyce JOHNSON, Appellant,**

v.

**Amos Walter JOHNSON, Appellee.**

No. 15827.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 1972.

Tipton, Bishop & Company, Ben L. Aderholt, Houston, for appellant.

Kenneth L. Smith and Jess Trackwell, Houston, for appellee.

PEDEN, Justice.

Husband obtained a divorce from his wife by default. She then brought a bill of review to set it aside and, after trial in that cause, has perfected this appeal from the granting of an instructed verdict in favor of defendant.

One of her points of error is that the trial court erred in instructing a verdict for the defendant because there was sufficient evidence to raise a fact issue as to fraud, accident or mistake practiced on her by her husband in obtaining the default judgment.

We affirm the judgment of the trial court. The Texas Supreme Court held in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), that before a litigant can successfully invoke the equitable proceeding of bill of review to set aside a final judgment he must allege and prove: 1) a meritorious defense to the cause of ac-

tion alleged to support the judgment, 2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, 3) unmixed with any fault or negligence of his own.

■ We have carefully examined the entire record in this case. No evidence was presented in the trial court to show that the appellant was prevented from making her defense to the divorce by any fraud, accident or wrongful act of the opposite party. Further, the appellant's testimony establishes as a matter of law that her failure to present her defense to the divorce action was the result of either her own negligence or that of the attorney to whom she testified she had referred the matter or that of both of them. A different attorney represents her in this appeal.

Appellant's other point of error is that the trial court erred in instructing a verdict for the defendant because the undisputed evidence showed that the return of citation upon which the default judgment rested had not been on file ten days.

Rule 107, Texas Rules of Civil Procedure, contains this provision: "No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment." The citation in the divorce case having been served on March 30, 1970, appearance day was April 20, but the citation was not filed with the clerk of the court until April 15, so the matter should not have been heard until Monday, April 27. The divorce decree recites that the cause was heard on April 24, 1970 and that the decree was signed and entered on April 28, 1970.

Appellant contends that the default judgment is void for lack of compliance with Rule 107. In Citizens National Bank in Ennis v. Hart, 321 S.W.2d 319 (Tex.Civ. App.1959, writ ref.), it was held that any judgment granted without compliance with the provision in Rule 107 (which we have quoted) was improper and erroneous.

■ The default judgment in our case was premature, but the trial court had jurisdiction over the person of the defendant and the subject-matter of the suit. The judgment, while erroneous, was not void. In speaking of the availability of a bill of review, the Texas Supreme Court held: "Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment." McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961).

We agree with the appellee that there is another reason why the judgment of the trial court was correct. Namely, lack of recourse to the available legal remedy of writ of error.

"The complainant must allege and prove that he exercised due diligence to avail himself of all adequate legal remedies against the former judgment, and that at the time he files the bill of review there remains no such adequate legal remedy still available. A bill of review is not a mere alternative of review on motion for new trial or upon appeal, and it may therefore be successfully urged only when there remains no other method of assailing the judgment. A person is charged with knowledge of all facts which he could have discovered by due diligence, and one who claims ignorance of an adverse judgment for a period of time after its rendition must justify his lack of knowledge. From the date he learns of the decree, or by the exercise of due diligence would have learned of it, the complainant must seize upon all legal remedies still available, including motion for new trial, appeal, or writ of error. . . ." 4 McDonald, Texas Civil Practice 329, § 18.27.6 (1971 ed.).

The first pleading filed on behalf of Mrs. Johnson in the divorce case was filed on May 20, 1970, by the attorney then representing her. It was a motion to set aside the default judgment signed April 28, 1970.

The denial of such motion occurred on June 2, 1970, more than thirty days later.

Mrs. Johnson did not, within ten days after the default judgment was rendered, file a motion for new trial or give notice of appeal, so appeal in the usual manner was not available.

However, when she filed her bill of review on June 23, 1970, six months had not elapsed since the signing of the default judgment, and the remedy of writ of error was available to show by direct attack on the default judgment that the face of the record revealed a lack of compliance with Rule 107. Citizens National Bank in Ennis v. Hart, supra, demonstrates that writ of error would have been an adequate remedy.

Affirmed.