**Randall CARROLL, Appellant,**

v.

**Hazel Evon CARROLL, Appellee.**

**No. 17282.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 15, 1979.

Kenneth L. Smith, Houston, for appellant.

Patterson, Boyd, Lowery, Aderholt, Ben L. Aderholt, Harry A. Dolan, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

DOYLE, Justice.

An agreed judgment of divorce was granted to Hazel Evon Carroll, as petitioner, and Randall Carroll, as respondent, in the 257th District Court of Harris County, Texas, on September 8, 1977. The decree provides, inter alia, certain sums of money upon a bond ordered by the court to guarantee performance on the part of the respondent.

Petitioner filed a motion for contempt on December 22, 1977, including therein an application to modify the divorce decree, especially as to visitation rights. Service was made on respondent in the State of Ohio. At the trial of the show cause and modification matter, respondent did not appear and the court, after hearing the evidence on March 13, 1978, entered a modification order on April 7, 1978.

Thereafter, on June 15, 1978, respondent filed a pleading styled a bill of review in which he challenged the court's order of modification on the ground that the respondent had not been properly served with process. A full hearing was had on the bill of review, at which time respondent appeared only by his attorney. From a judgment overruling and denying the bill of review, respondent has perfected this appeal.

Respondent contends in his points of error one and two that the trial court lacked jurisdiction over the respondent and that respondent was not properly served with process, thereby rendering any judgment by the trial court void. Petitioner argues that the return recited that a copy of the pleadings was delivered to the respondent and that there is no evidence in the record to the contrary. Petitioner also contends that respondent's pleading is insufficient as a bill of review. The relevant portions of the citation and return are set out:

"YOU ARE HEREBY DIRECTED that you serve Randall L. Carroll with accompanying certified copy of Motion for Contempt, together with Judge's Order thereon, to be and appear before the 257th Judicial District Court of Harris County, Texas, 4th Floor Family Law Center, 1115 Congress Avenue, on the 13th day of March, 1978, at 9:00 A.M., then and there to show cause in accordance with the certified copy of the order of the Court hereto attached."

The material portions of the return read:

"State of Ohio
County of Hamilton

PERSONALLY APPEARED before me, the undersigned authority, Robert Sacco who being by me duly sworn, deposes and says that in the County of Hamilton, State of Ohio, he delivered to the within named defendants, in person at the following times and places, to-wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|-------|
| | Month | Date | Year | Hour | Min. | |
| Randall L. Carroll | 2 | 13 | 78 | 8: | 30 | 4017 Sharon Park Lane |

a true copy of this notice, with a copy of _____
accompanying same; and further, that he is an adult and is in no manner interested in this suit."

Then follows the signature of Robert Sacco and the jurat showing the return to be sworn and subscribed to before Annette Stone, Notary Public, State of Ohio, on February 15, 1978.

It has been held that where the return shows that the person serving the process delivered to the defendant a copy of the citation and "an accompanying copy of _____," without stating in so many words what the "accompanying copy" was a copy of, that such omission could be supplied by referring to the face of the citation. *Preusser v. Sealey*, 275 S.W.2d 830 (Tex.Civ.App.—Beaumont 1955, no writ). In the case before us the face of the citation "directed that you serve Randall L. Carroll with accompanying certified copy of Motion for Contempt, together with Judge's Order thereon, . . ."

We have checked the cases cited by respondent in support of his contention that the service of process was fatally defective. In *Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex.Civ.App.—Fort Worth 1973, no writ) the service was held insufficient because the person making the return failed to swear that he was a disinterested party. The service was held defective for failure to state the manner of service by adding the qualifying words "by serving" in contravention of the provisions of Rule 107, T.R.C.P. in *Watson Van and Storage Company v. Busse*, 451 S.W.2d 557 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). These cases are not in point with the facts of the case before us.

We find the service of process regular on its face and overrule respondent's points of error in this regard.

■ While there is some mention by respondent in his bill of review that the final order of the trial court sought to be set aside was an interlocutory order or an interlocutory default judgment, a reading of the order reveals that it is a final order or judgment. As such, the judgment was subject to attack by appeal or writ of error, by a bill of review, or by direct attack if the contention is made that judgment was void when rendered. *McEwen v. Harrison*, 162

Tex. 125, 345 S.W.2d 706 (1961); *Edwards Feed Mill, Inc. v. Johnson*, 302 S.W.2d 151 (Tex.Civ.App.—San Antonio 1957, no writ).

■ Before a party is entitled to a bill of review, he must show that he has exercised due diligence in availing himself of his legal remedies and that at the time he files his bill of review no other legal remedy still exists. *Falsetti v. Lowman*, 405 S.W.2d 796, 799 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.); *Biggs v. Biggs*, 553 S.W.2d 207 (Tex.Civ.App.—Houston [14th Dist.] 1977, appl.dismd.). In 4 McDonald, Tex.Civ. Practice, Sec. 18.27.6 states:

> "From the time he learns of the decree, or by the exercise of due dilligence would have learned of it, the complainant must seize upon all legal remedies still available, including motion for new trial, appeal, or writ of error. If none of these remains, he should proceed promptly with his bill of review, . . ."

We must now decide whether the respondent's pleading is sufficient as a bill of review. The opening paragraph and prayer of his petition, respectively, are as follows:

> "NOW COMES RANDALL CARROLL, Petitioner in the above numbered and entitled cause complaining of HAZEL EVON CARROLL, hereinafter referred to as Defendant, in which your Petitioner seeks leave of this Court to grant a BILL OR REVIEW of an interlocutory order entered in cause number 1,115,098, entitled 'ORDER MODIFYING PRIOR ORDER AND OTHER FINAL RELIEF', entered of record into the minutes of the 257th Judicial District Court of Harris County, Texas, in volume 1549, page 25 of said records for the following reasons to-wit:

> "Wherefore your Petitioner prays that this Honorable Court direct the Clerk of this Court to issue notice directing the Respondent HAZEL CARROLL to appear before this court to show why this Court should not grant a BILL OF REVIEW to the Petitioner and at said hearing to have this Honorable Court vacate the order entered of record on the 7th

and 6th of April, 1978, and restore the original orders of conservatorship in the cause in this Court during the pendency of this action;

"It is further prayed by the Petitioner that upon final hearing that the Respondent HAZEL EVON CARROLL, motion for modification be denied."

Thus, it is apparent from the pleadings of respondent that he planned to file some further pleading at which time he would have the court vacate the order entered on April 7, 1978, and restore the original orders of conservatorship "during the pendency of this action;", and that on "final hearing" petitioner's motion for modification be denied.

An examination of the alleged bill of review fails to reveal the necessary prerequisites for such a pleading. At most petitioner's pleading styled "Original Petition for a Bill of Review," is a motion asking for a show cause hearing to vacate the order of the trial court entered on April 7, 1978. This is best shown by the prayer at the end of the pleading as set out above.

The law is well settled in this jurisdiction that a bill of review is an equitable remedy in which the petitioner must allege and prove certain relatively narrow factual propositions. *Raney v. Mack,* 504 S.W.2d 527 (Tex.Civ.App.—Texarkana 1973, no writ). The Texas Supreme Court in *Alexander v. Hagerdorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), gives the following guidelines for a bill of review invoked to set aside a final judgment:

". . . he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any negligence of his own."

█ When tested by the foregoing settled rules, we find respondent's pleading fatally lacking in the bill of review requirements. It is not filed as an original petition detailing the facts on which respondent relies to obtain relief. It is not verified, nor was any evidence adduced at the hearing on the bill of review given under oath. Respondent mentions that he has a valid defense to petitioner's allegations as set out in her motion. He fails to outline or prove any element of such defense. There is no contention by respondent that petitioner prevented him from presenting his defense or cause of action by any means, nor that he had exercised due diligence in availing himself of all adequate legal remedies. *Clewis v. Clewis,* 519 S.W.2d 274 (Tex.Civ.App. 1975); *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705 (1944); *Briggs v. Briggs,* supra. Petitioner's crosspoint challenging respondent's pleading as a bill of review is sustained.

█ Petitioner further contends that respondent still had the legal remedy of writ of error available to him at the time he filed his bill of review. We agree with the contention. The final order appealed from was dated April 7, 1978. Respondent filed his bill of review on June 15, 1978. Clearly six months had not elapsed since the final order had been signed and the remedy of writ of error was still available to respondent. *Johnson v. Johnson,* 476 S.W.2d 954 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); Art. 2255, V.A.T.C.

Petitioner has filed a motion to dismiss the appeal herein on grounds foreign to the record in this case. This motion is denied.

The judgment of the trial court is affirmed.