The REEDY COMPANY, INC. et
al., Appellants,

v.

Thomas Armstrong GARNSEY, Appellee.

No. 20401.

Court of Civil Appeals of Texas,
Dallas.

Oct. 27, 1980.

Rehearing Denied Nov. 19, 1980.

Randall L. Freedman, Dallas, for appellants.

Josephine M. Jenkins, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

AKIN, Justice.

This is an appeal by defendants The Reedy Company, Inc. and Don Reedy from an order of the trial court declining to set aside a default judgment rendered in favor of plaintiff Thomas A. Garnsey under the Deceptive Trade Practices Act. By cross-point Garnsey also appeals asserting that the trial judge erred in refusing to award him all of the damages to which he was entitled. We affirm the denial of a new trial on the ground that appellants failed to present evidence at the hearing on the motion for new trial establishing that their failure to answer was not intentional or the result of conscious indifference, but was rather the result of mischance or of mistake. We overrule appellee's cross–point on the ground that no competent evidence to support a finding of additional damages was introduced at the hearing on the default judgment. Accordingly, we affirm the judgment.

Plaintiff Thomas Garnsey sued The Reedy Company, Inc., Lynn Rubin, and Don Reedy, the latter two individually and as agents of The Reedy Company, for damages under the Deceptive Trade Practices Act stemming from a misrepresentation with respect to an aborted sale of a condominium by The Reedy Company to Garnsey. Garnsey sought to recover the benefit of his bargain as well as his earnest money. The alleged misrepresentation was that Garnsey could obtain a loan from a closely affiliated mortgage company for 95% of the purchase price. Acting on this representation, Garnsey signed the contract of sale and delivered $1,500 to The Reedy Company as earnest money. The mortgage company refused the loan, and The Reedy Company declined to return Garnsey's earnest money.

Although served with process, the defendants failed to answer and on October 26, 1979, Garnsey presented evidence of his damages to the trial judge. The evidence established that he paid the $1,500 earnest money to the defendant The Reedy Company. Garnsey also sought to obtain damages for the loss of the benefit of his bargain under his contract. In this respect, he testified that he investigated the market value of other condominiums in Dallas County by reading the classified advertisements in newspapers and by talking with the sales manager of The Reedy Company. Additionally, he tendered into evidence a contract on another condominium unit located in the same complex as the unit he attempted to buy. That contract showed a sales price of $51,000, whereas his contract was for $43,500. Thus, he asserted that he was entitled to the $7,500 difference between the two contract prices as damages representing his loss of the benefit of his bargain and that he was entitled to have that sum trebled under the Deceptive Trade Practices Act. The trial judge declined to award Garnsey the alleged benefit of his bargain on grounds that Garnsey was not qualified as an expert witness to testify as to market values of condominiums and that the contract on the second unit was not authenticated. Consequently, the judge awarded Garnsey damages of $1,500, representing the unreturned earnest money, and trebled that sum to $4,500 pursuant to the provisions of the Deceptive Trade Practices Act. The judge also awarded Garnsey $750 in attorney's fees as provided for under the Deceptive Trade Practices Act, as well as an additional attorney's fee of $750 if the cause is appealed to the court of civil appeals and a further $750 if writ of error is sought from the supreme court.

■ We consider first Garnsey's cross–point complaining that the judge erred in refusing to award him $22,500 ($7,500 trebled) because that was the proper measure of damages. We need not pass on whether this would be a proper measure of damages under the Deceptive Trade Practices Act because of the failure to present any com-

petent evidence to support it. Although we agree that a plaintiff who is a victim of deception in a real estate transaction may recover the difference between that which was promised and that which was received, *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977), we do not agree that the trial judge erred in refusing to award Garnsey these damages. In our view, the trial judge correctly refused to accept Garnsey's opinion with respect to market values on condominiums because that opinion was based upon hearsay and because the qualification of a witness to give such an opinion is within the sound discretion of the trial judge, which was not abused here. *E. g., Southwestern Public Service Co. v. Vanderburg*, 581 S.W.2d 239, 244 (Tex.Civ.App.–Amarillo 1979, writ ref'd n.r.e.). As to the contract between The Reedy Company and a third party on another unit, there was no testimony to support its authenticity. Thus, it was not evidence of the value of the unit for which Garnsey contracted. Accordingly, we overrule appellee's cross–point.

We turn now to appellants' contention that the trial judge abused his discretion in failing to grant them a new trial. In their motion for new trial, filed on October 29, 1979, three days after default judgment, they alleged that they were occupied trying to settle with Garnsey and believed that they had forty days to answer plaintiff's petition. Because of this alleged attempt to settle the dispute, an attorney was not employed by them until after default judgment was rendered. Thus, they argue that they have established lack of wilfulness and of conscious indifference in failing to answer so that the trial judge should have granted them a new trial under the standard set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm'n App. 1939, opinion adopted). We cannot agree.

Under the *Craddock* rule, the party moving to set aside a default judgment must not only allege in his motion facts which, if true, would establish lack of intent and of conscious indifference in failing to answer, but must also prove the facts so

alleged at an evidentiary hearing, if such a hearing is afforded at the request of either party or on the judge's own initiative. *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 721 (Tex.Civ.App.–Dallas 1977, writ ref'd n.r.e.). Here, the trial judge properly held an evidentiary hearing on appellants' motion for new trial, affording appellants an opportunity to present, in support of their motion, evidence of excuse for their default. Although appellee Garnsey testified that he had no communication with the appellants after suit was filed, thus placing in issue the appellants' allegations in their motion that they were busy attempting to settle the matter with Garnsey, appellants expressly declined to present evidence. Instead, they chose to rely upon their affidavit in support of their motion for new trial, rather than attempting to establish those averments by evidence. In this situation, the affidavit of appellants is not evidence, as distinguished from the situation where no evidentiary hearing is afforded. *Healy v. Wick Building Systems, Inc.* at 721; *see Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16, 19 (Tex.Civ.App.–Dallas 1977, writ ref'd n.r.e.); *see also Motiograph, Inc. v. Matthews*, 555 S.W.2d 196–97 (Tex.Civ.App.–Dallas 1977, writ ref'd n.r.e.).

The trial judge found on this basis that the appellants' failure to file an answer was the result of conscious indifference. We hold that *when a hearing is held* on a motion to set aside a default judgment and to grant a new trial, the movant has the burden of proving by a preponderance of the evidence that his failure to answer was not intentional or due to conscious indifference, but rather was due to mischance or mistake. This appellants failed to do. Consequently, the trial judge was justified in finding that their failure to answer was the result of conscious indifference. It follows, therefore, that the appellants have shown no abuse of discretion by the trial judge in denying their motion for a new trial. Accordingly, the judgment is affirmed.