Margarita OWEN, Appellant,

v.

Kenneth OWEN, Appellee.

No. 20677.

Court of Civil Appeals of Texas, Dallas.

May 18, 1981.

Rehearing Denied June 24, 1981.

William Andress, Jr., Dallas, for appellant.

Lindy D. Jones, Moseley, Jones, Enoch & Martin, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STOREY, Justice.

This is an appeal by writ of error from default judgment entered in a divorce case. Defendant, petitioner in this writ of error, contends that service was defective because default judgment was rendered on plaintiff's "First Amended Original Petition for Divorce" and the officer's return recites that defendant was served with "Original Petition." We reverse because it is not clearly shown that defendant received a copy of the amended petition on which default judgment was rendered. Because defendant has now subjected herself to the jurisdiction of the court, we remand.

The supreme court has ruled that "new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading." *Weaver v. Hartford Accident and Indemnity Co.*, 570 S.W.2d 367, 370 (Tex.1978). In this case, the amended petition requests the court to award the parties' home to plaintiff, but the original petition did not. Accordingly, this case is governed by *Weaver* if the sheriff's return is conclusive and defendant in fact, or must be presumed to have in fact, received only the original petition.

The facts are these: Kenneth Owen filed his original petition for divorce on May 4, 1979. He alleged his own Texas residence and the Virginia residence of his wife Margarita C. Owen. He prayed for divorce on "no fault" grounds, asking that his wife be appointed managing conservator of their minor child, and that he be ordered to contribute to the child's support. On January 8, 1980, a "First Amended Original Petition for Divorce" was filed alleging, in addition to the allegations of the original petition, jurisdictional facts and praying for award of the parties' Virginia home as noted above. Service was obtained on defendant

on January 23, 1980, in Virginia and the return filed with the trial court on March 31, 1980. The sheriff's return, sworn to in affidavit form by James E. Hollar, deputy sheriff of Fairfax County, Virginia, recites that service of "a true copy of said citation together with the accompanying copy of *Original Petition ...*" [emphasis added] was obtained. The return is in printed form with the words "Original Petition" typed in the blank. The citation itself, however, recites that the "first amended petition" was delivered to the sheriff.

Petitioner contends that we may not look behind the return of service to determine whether the amended petition on which default was rendered, rather than the original petition as recited, was in fact served by this process. Respondent contends that we may do so, citing *Carroll v. Carroll*, 580 S.W.2d 410 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), and *Preusser v. Sealey*, 275 S.W.2d 830 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.). These cases supply omissions in the description of what was delivered; that is, where the printed form of the return left a space for insertion of the title of the instrument delivered, nothing was inserted. The title of the instrument delivered was ascertained from the citation itself. While we agree that we may look behind the return of service to ascertain which petition actually was delivered, we may do so only if we can ascertain with reasonable certainty which petition actually was delivered. *See Preusser v. Sealey, supra*, at 832–33. Here, the service is defended because of the concurrence of dates (the amended petition was sent to Virginia on January 8, 1980, and service was obtained fifteen days later) together with the recitation on the citation itself that the *first amended petition* was sent to Virginia. There is nothing in the record to indicate when or if the *original* petition was sent to Virginia.

We are unable to determine with reasonable certainty that the service effected on January 8, 1980, did not contain what the return recited, namely plaintiff's original petition. The return of service was sworn to by a deputy sheriff of Fairfax County, Virginia, and the extrinsic evidence, that is, the face of the citation, does no more than create an uncertainty as to the nature of the petition delivered, whether original or amended. It does not, as in the cited cases, merely supply an omission ascertainable with reasonable certainty. We cannot determine that the mistake was made in Virginia; it may have been made in the district clerk's office in Dallas. Certainly, we may look beyond the return of service to the citation itself, but we may not correct defects if we are not reasonably certain of the truth.

Defendant has now availed herself of the jurisdiction of the court. Accordingly, we reverse and remand.