**NATIONAL RIGGING, INC., Appellant,**

v.

**The CITY OF SAN ANTONIO, Appellee.**

**No. 04–82–00053–CV.**

Court of Appeals of Texas,
San Antonio.

July 13, 1983.

Rehearing Denied Aug. 22, 1983.

Melvin A. Krenek, San Antonio, for appellant.

Frank W. Baker, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

National Rigging, Inc. appeals from denial to set aside a default judgment and grant a new trial. We reverse and remand with instructions.

The City of San Antonio sued Mashburn Trucking, Inc. and National Rigging, Inc. for damages, alleging negligence, breach of contract, and breach of warranty. Identical petitions against both defendant corporations were served on their president, Charles Mashburn, in Childress on June 21, 1979. He forwarded only one of the petitions to the insurance carrier of the companies. The carrier, in turn, sent the petition to the attorney for the insurance company with instructions to file an answer. Only Mashburn Trucking, filed an answer, subject to its plea of privilege. National Rigging failed to answer the suit. On July 19, 1979, the City presented evidence and obtained a default interlocutory judgment against National Rigging. On October 27, 1981, the interlocutory judgment was made final.

National Rigging in its first point of error argues the default judgment should have been set aside and a new trial granted because failure to file an answer was due to accident or mistake and not conscious indifference; further, National Rigging demonstrated a meritorious defense, and granting a new trial would occasion no delay and injury. These allegations track the rule applied when a defendant seeks to set aside a default judgment as stated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939):

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense

and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Compare Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966), applying the same rule where an answer is filed but the defendant fails to appear for trial.

The testimony of Mashburn at the hearing in July, 1979, on the motion to set aside the default judgment shows he put the second duplicate petition in his desk, assuming this was a copy of the first one and could be kept for his own records. He did not inquire of the sheriff about separate citations. After talking to his insurance agent, he forwarded only one petition to him. He testified he considered he had done all that was required of him, and it was then in the hands of the insurance company.

An examination of the petition supporting the default judgment reveals it is one with conclusory allegations of negligence, breach of warranty, breach of contract, and a general plea for an unspecified amount of damages. Appellee claimed that Mashburn Trucking, Inc. and National Rigging, Inc. were jointly and severally liable for damages. The two companies as joint contract carriers for the City were to move a transformer from the railroad to an electric plant owned by the City. A lowboy rig on which the transformer rode uncoupled from the jeep to which it was connected, resulting in the dropping of the lowboy rig to the road. Although the transformer, which weighs about 200 tons, swayed and settled again, it did not fall, drop, or slide to the pavement. The City pled the damage to the transformer was not ascertainable; it reserved the right to amend its pleadings when the extent of damages could be determined with reasonable accuracy. The City presented evidence at the hearing for default judgment on the value of the transformer. The trial court awarded one million dollars damages to the City.

National Rigging alleged facts in the motion for new trial filed after the interlocutory judgment was taken that, if true, constitute one or more meritorious defenses to

the cause of action. At the hearing on that motion, the rigging foreman of National Rigging supported the meritorious defense allegations by stating he visually examined the assembly and employed procedures which indicated the apparatus had latched properly after it had been loaded on defendant's equipment. His testimony confirmed that the imperfection in the trailer could not be ascertained by visual examination. However, he said, "After the accident the people that built the trailer ... tore it down and inspected it and said that ... something was wrong with one of the jaws [in the latch on the 'fifth wheel']." He also stated he saw that the Westinghouse car on which the transformer traveled [by Southern Pacific Railway] to the San Antonio destination, there to be loaded by the defendants and transported to the City's electric plant, "had a brake rod ... either loose or hanging down." He said, "There was something wrong with one of the [Westinghouse] brake systems."

Another allegation of a meritorious defense pled was that the transformer has been in full and normal use "on the line" subsequent to the accident, indicating lack of damage. Contradictory evidence presented by the City was that no one could say what the exact damage was, but Westinghouse had indicated they would refuse to honor a full warranty. It was agreed by the City's witnesses that the transformer would have to go back to the factory to determine positively there was no damage, and the expense of such a move would be very large.

We recognize that the excuse for failure to file an answer for National Rigging given by the president of Mashburn and National Rigging, as well as insurance representatives and their attorney, is "certainly very slight" but does indicate no intention by him or the insurance carrier or their attorney "to suffer judgment to go by default." *Craddock v. Sunshine Bus Lines,* 133 S.W.2d at 125. We find that the defendant's failure to answer before judgment was not intentional on the part of the president of that company, or the result of

his conscious indifference, but was due to a mistake.

█ As earlier stated, the motion for new trial set up a meritorious defense. In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding. The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it "sets up a meritorious defense." *Ivy v. Carrell,* 407 S.W.2d at 214.

█ Once the requirements of the *Craddock* rule are met, and a meritorious defense has been set up, supported by evidence which *prima facie* entitles the defaulting defendant to a new trial, the new trial should not be denied upon any consideration of contradictory testimony offered in resistance to the motion. *Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554, 555 (Tex.Com.App.1926, holding approved), cited in *Ivy* at 214. *See Russell v. Northeast Bank,* 527 S.W.2d 783, 788 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). We have applied these rules wherein the proof requirements at the motion for new trial differ from proof requirements at trial, and, accordingly, we find that National Rigging did discharge its burden of showing a meritorious defense. Further we find the granting of a new trial shortly after the interlocutory judgment or the final judgment taken against National Rigging would have occasioned no delay or otherwise worked an injury to the City.

Because of our disposition of the first point of error, we find it unnecessary to address the other assignment of error, which attacks the petition as an untenable basis for the default judgment. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); Tex. R.Civ.P. 90.

The cause is reversed and remanded to the trial court with instructions to set aside the default judgment, to reinstate the cause on the docket, and for further proceedings not inconsistent with this opinion. Because

National Rigging and its attorneys have expressed willingness to pay costs and expenses in this suit to date, all costs, in the trial court and on appeal, as well as attorney's fees incurred by the City in the trial court and on appeal, are hereby assessed against National Rigging.