SOUTHLAND PAINT COMPANY,
INC., Appellant,

v.

THOUSAND OAKS RACKET CLUB, A
DIVISION OF COUNTRY CLUB CON-
DOMINIUMS, LTD., et al., Appellees.

No. 04–84–00456–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1986.

Rehearing Denied March 9, 1987.

See also 687 S.W.2d 455.

Aaron L. Jackson, John W. Weber, Jr., Lawrence R. Linnartz, James E. McCamish, San Antonio, for appellant.

Melvin A. Krenek, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a default judgment. Appellees brought suit against appellant and Handy Dan Hardware, Inc.; appellant failed to appear and file an answer. The trial court's interlocutory judgment recites that citation was served according to law, properly returned, and filed with the clerk where it remained for the required time. The default judgment entered on July 31, 1984, awarded a total of $5,174,960.74. The motion for a new trial was denied; however, on motion for rehearing a remittitur on the damages and attorney's fees was ordered reducing the default judgment to $3,849,278.50.

The essential facts established that appellees purchased a linseed oil product manufactured by appellant from a Handy Dan Hardware Store. The product was used to clean floors; the linseed oil soaked rags were left on a table where they later ignited as a result of spontaneous combustion, causing the damages asserted. Appellees' suit alleged that appellant negligently failed to provide a label which warned of the spontaneous combustibility of the product and which gave instructions for the disposal of the rags used.

Appellant initially complains that the trial court did not have jurisdiction to enter the default judgment because appellees failed to prove by affirmative evidence that C.T. Corporation System was the registered agent for service of process on appellant. Plaintiff's First Amended Original Petition alleged that defendant was a Delaware corporation duly licensed to do business under the law of the State of Texas and that its designated agent for service of process was C.T. Corporation System, 3200 Republic National Bank Building, Dallas, Texas, 75201. The constable's return certifies that service of process was executed by delivering the citation and a copy of Plaintiff's First Amended Original Petition to Southland Paint Company, Inc., through its registered agent for service, C.T. Corporation System, by delivery to its registered agent for service, Mary Lou Boring. Appellant argues that its status as a foreign corporation required a showing by affirmative evidence the agency of the person served, apart from the allegations in the pleadings and the statement contained in the constable's return, citing *Anglo Mexicana De Seguros, S.A. v. Elizondo,* 405 S.W.2d 722 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

 There is authority for the proposition that a citation return showing service on a defendant by serving his agent is sufficient, without proof of such agency, to warrant a default judgment. *Employer's Reinsurance Corp. v. Brock,* 74 S.W.2d 435, 438 (Tex.Civ.App.—Eastland 1934, writ dism'd). Moreover, the affidavit of Robert S. Kersch attached to appellant's motion for new trial acknowledged that C.T. Corporation System was appellant's agent for service of process and was instructed to send all legal notices addressed to Southland Paint Company to De Soto, Inc. in Des Plaines, Illinois. Kersch is corporate secretary for De Soto, Inc., the legal entity that acquired the liabilities of appellant. Similarly, the affidavits of Stephen J. Couto, the claims manager for Emmett and Chandler, the insurance broker for Southland Paint Company, Thomas Karol, President of H.M.K. Industries, and their attorney, Dale Akonou, did not dispute that C.T.

Corporation System was their agent for service of process and acknowledged receipt of service of citation. The party seeking to have the default judgment set aside has the burden of proving that the person served was not its agent. *Employer's Reinsurance Corp. v. Brock, supra* at 438; *see also* TEX.REV.CIV.STAT.ANN. art. 2031b, § 3 (Vernon 1964). In this case, appellant had a designated agent in Texas and there is no dispute that the agent was the person actually served with the citation. Appellant's first point of error is overruled.

Secondly, appellant contends that the trial court erroneously denied the motion for a new trial. Specifically, they allege that the default judgment should be vacated under the rule of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939):

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense; and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

The Supreme Court has reaffirmed the *Craddock* rule in *Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex.1984) saying: "That law requires the trial court to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.* If the motion and affidavits meet those requirements, a new trial should be granted." In this case there is no dispute that the motion was timely filed and alleged the three requirements of *Craddock.* Moreover, the supporting affidavits contained statements that the failure to answer was not intentional or the result of conscious indifference.

■ The record shows that the De Soto, Inc., purchased the name and assets of appellant. De Soto, Inc. received the citation from its agent, C.T. Corporation System, and immediately forwarded it to H.M.K., Inc. The citation was then mailed to De Soto's New York attorneys, who forwarded it to Emmett and Chandler, appellant's insurance broker. The offices of Emmett and Chandler did not mail the citation to Liberty Mutual Company until seven days after the answer was due. The affidavits indicate that the delay in mailing the citation to Liberty Mutual for answer was occasioned by shortness of staff in the word processing and claims departments, due to vacation schedules. In *National Rigging, Inc. v. City of San Antonio*, 657 S.W.2d 171, 173 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) this court stated:

> We recognize that the excuse for failure to file an answer for National Rigging given by the president of Mashburn and National Rigging, as well as insurance representatives and their attorney, is 'certainly very slight' but does indicate no intention by him or the insurance carrier or their attorney to suffer judgment to go by default.

The affidavit of Stephen J. Couto, based on personal knowledge, recites that the failure to file an answer was not the result of conscious indifference. Appellant also established a meritorious defense. We conclude that the granting of a new trial would not cause a delay or injure appellees. Accordingly, we sustain point of error two. We further find it unnecessary to review the other assignment of error in view of our disposition of point of error two.

The judgment is reversed and the cause remanded.

CADENA, Chief Justice, dissenting.

The judgment should be affirmed because appellant failed to prove that the failure to answer was not the result of conscious indifference but was due to a mistake or accident.

The record reflects that the trial court held an evidentiary hearing on appellant's motion for new trial. Appellee had filed a response to the motion and had specifically denied appellant's allegations that the failure to answer was not the result of conscious indifference. At the hearing appellant presented no testimony, although appellee presented evidence that the procedures followed by Emmett and Chandler in this case reflected a conscious indifference. Under these circumstances, the affidavit of Couto, relied on by the majority opinion,

> is not evidence, as distinguished from the situation where no evidentiary hearing is afforded.... [W]hen a hearing is held on a motion to set aside a default judgment and to grant a new trial, the movant has the burden of proving by a preponderance of the evidence that his failure to answer was not intentional or due to conscious indifference, but rather was due to accident or mistake.

*Reedy Co., Inc. v. Garnsey*, 608 S.W.2d 755, 757 (Tex.1980).

Since appellant presented no testimony, the trial court did not err in refusing to set aside the default judgment and grant a new trial.