PRIMATE CONSTRUCTION, INC., Appellant

v.

Jim SILVER, Suzanne Silver and Silver Inspection Services, Inc., Appellees.

No. A14–93–00652–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 21, 1994.

Rehearing Denied June 9, 1994.

---

William K. Conkin, Houston, for appellant.

Deanna L. Longo, Jeffrey P. Norman, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

### OPINION

J. CURTISS BROWN, Chief Justice.

The trial court rendered a default judgment in favor of appellees in a suit arising out of an auto accident involving Jim Silver and one of appellant's employees. Appellant contends, in its sole point of error, that the default judgment was invalid because the return of citation for the appellee's Second Amended Petition erroneously stated that appellant was being served with appellee's original petition. We affirm the judgment of the trial court.

Jim Silver was injured, allegedly, in an automobile accident with Gary Wayne Martin, an employee of Primate Construction. Jim Silver, Suzanne Silver, and Silver Inspection Service, Inc. filed suit against Martin for injuries sustained by Jim Silver. In the their Second Amended Petition, the plaintiffs added Primate Construction as a defendant. The citation indicates that the Second Amended Petition was included with the citation. However, the form completed by a deputy sheriff of Tarrant County for the return of service states that citation was served "together with the original petition" on Primate Construction's registered agent. The "original petition" language was not written by the deputy sheriff, but was printed on the return of service form.[1]

■ Appellant contends that the trial court did not have personal jurisdiction over appellant because the return indicates that the sheriff served appellant with the original petition, rather than the second amended petition. Appellant argues that we may not look beyond the return of service to determine what was served on appellant. In addition, appellant claims that citation fails because there is no proof that the person served was appellant's registered agent independent of the return of service.

Appellant cites *Owen v. Owen*, 620 S.W.2d 669 (Tex.Civ.App.—Dallas 1981, writ dism'd), to support its argument that we may not look to the citation in order to determine what document was served when the return of service conflicts with the citation. In *Owen*,

---

1. The return of citation reads:
 Received <u>30</u> day of <u>July</u> 19<u>92</u>, at <u>2:43</u> o'clock <u>P.M.</u>, and executed the same in Tarrant County, Texas on the <u>5</u> day of <u>August</u>, 19<u>92</u>, at <u>8</u> o'clock <u>A.M.</u>, by summoning <u>Primate Const. Inc.</u>, a corporation, by delivering to <u>Don E. Baldwin</u>, President, Vice President, <u>(Registered</u> Agent,<u>)</u> in person, of the said <u>Primate Const. Inc.</u>, a corporation, a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first endorsed on the same date of delivery. *(underlined portions indicate blanks filled in by the deputy sheriff)*

the defendant was served with the "First Amended Original Petition for Divorce," however, the sheriff wrote "Original Petition" in a blank on the return form. *Owen,* 620 S.W.2d at 670. The Dallas Court of Appeals held that an appellant court may look behind the return of service to determine which petition was delivered only when the court can ascertain with reasonable certainty which petition was actually delivered. *Id.* Because of the conflict between the citation and the return of service as well as extrinsic evidence concerning the citation, the court in *Owen* found that it could not determine with reasonable certainty what document was served on the defendant. *Id.*

Our case is distinguishable from *Owen* in that the deputy sheriff who served appellant did not write "original petition" on the return of service. "[O]riginal petition" was printed on the return of service form. Without an affirmative act by the sheriff in noting what was served on appellant, our case is similar to the situation in *Carroll v. Carroll,* 580 S.W.2d 410, 412 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). In *Carroll,* the First Court of Appeals upheld service when the return of service form was left blank with regard to what document was served on appellee. Furthermore, it is uncertain whether Rule 107 even requires that the return of service indicate what document was served on appellant.

Prior to its amendment in 1978, Rule 107 required that the return "certify that a true and correct copy of the citation with the accompanying copy of the petition was delivered to the defendant." TEX.R.CIV.P. 107 (Vernon 1955). The current version of Rule 107 requires only that "the return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person." TEX.R.CIV.P. 107. We have held that certified mail return receipts are not required to disclose what document was served. *Nelson v. Remmert,* 726 S.W.2d 171, 173 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (noting that "no rule of civil procedure or case law ... requires a

certified mail receipt to disclose what document, if any, has been served").

Appellant next argues that the trial court did not have personal jurisdiction because appellee offered no independent proof that the person served was appellant's registered agent. *See NBS Southern, Inc. v. Mail Box, Inc.,* 772 S.W.2d 470 (Tex.App.—Dallas 1989, writ denied). In *Mail Box,* the Dallas Court of Appeals required an affirmative showing that the person served was in fact the defendant's agent for service of process. *Mail Box, Inc.,* 772 S.W.2d at 471. (concurring with *Bronze & Beautiful v. Mahone,* 750 S.W.2d 28 (Tex.App.—Texarkana 1988, no writ); *Encore Builders v. Wells,* 636 S.W.2d 722 (Tex.App.—Corpus Christi 1982, no writ); *Jacksboro Nat'l Bank v. Signal Oil & Gas Co.,* 482 S.W.2d 339 (Tex.Civ.App.—Tyler 1972, no writ); *Mobile v. Pipe–Dillingham v. Stark,* 468 S.W.2d 552 (Tex.Civ. App.—Beaumont 1971, no writ)). However, at least four other courts have held that the petition, citation, and return are sufficient to show that the individual served was the registered agent of the corporate defendant. *National Medical Enters. v. Wedman,* 676 S.W.2d 712 (Tex.App.—El Paso 1984, no writ); *Southland Paint Co. v. Thousand Oaks Racket Club,* 724 S.W.2d 809 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *Hillson Steel Prod., Inc. v. Wirth Ltd.,* 538 S.W.2d 162 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Employer's Reinsurance Corp. v. Brock,* 74 S.W.2d 435 (Tex.Civ. App.—Eastland 1934, writ dism'd). Two of the courts holding that the petition, citation, and return were sufficient to prove that the individual served was the registered agent put the burden on the defendant to prove that the person served was not its agent. *Southland Paint Co.,* 724 S.W.2d at 810; *Brock,* 74 S.W.2d at 438.

■ We believe this issue was decided by the Texas Supreme Court in *Pleasant Homes Inc. v. Allied Bank of Dallas,* 776 S.W.2d 153, 154 (Tex.1989). In *Pleasant Homes Inc.,* the supreme court held that a return showing delivery of process to a person authorized by applicable statute to receive service in her official capacity is prima facie evidence that the person served is in fact the

officer as designated. *Pleasant Homes Inc. v. Allied Bank of Dallas,* 776 S.W.2d 153, 154 (Tex.1989) (interpreting service under TEX. REV.CIV.STAT.ANN. art. 342–915 (Vernon 1989)). A defendant who contends that the person served was not in fact a proper agent for service has the burden to present evidence to the trial court of improper service by motion for new trial or motion to set aside the judgment. *Id.*

 . The Texas Business Corporations Act provides that service on a domestic corporation may be made through its president, any vice president, or a registered agent of the corporation. TEX.BUS.CORP.ACT ANN. art. 2.11(A) (Vernon 1980). Appellant did not contest that the person served was appellant's registered agent. The Tarrant County Sheriff's return of service certifies that appellant's registered agent was served with citation. The citation of the Harris County District Clerk indicates that a copy of Plaintiff's Second Amended Petition was included with the citation.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.