DENTEX SHOE
CORPORATION, Appellant,

v.

F.E. SCHMITZ COMPANY,
INC., Appellee.

No. 2–87–077–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 1988.

Rehearing Denied March 9, 1988.

Kasmir & Krage, and Ben L. Krage and Martin L. Sweeney, Dallas, for appellant.

Stark & Associates, and Richard S. Stark Gainesville, for appellee.

Before BURDOCK, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

Dentex Shoe Corporation petitions by writ of error attacking a default judgment taken against it by F.E. Schmitz Co., Inc. Because the jurisdiction of the trial court to grant the default judgment against petitioner affirmatively appears on the face of the record, we overrule both of the points of error raised in petitioner's brief and affirm the judgment of the trial court.

The question before us is whether there is a lack of jurisdiction apparent on the face of the record. *Uvalde Country Club v. Martin Linen Sup. Co.*, 690 S.W. 2d 884, 884 (Tex.1985); *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). In a direct attack upon a default judgment, no presumptions are made in support of the judgment. *Uvalde*, 690 S.W.2d at 885; *McKanna*, 388 S.W.2d at 928.

In support of its two points of error, Dentex argues that the trial court lacked jurisdiction to grant a default judgment because citation was served upon James Masino as president of the appellant, and the service was invalid because Masino's official capacity was not stated in either the appellee's pleadings, citation or return. In this regard, Dentex has misstated the law because the trial court's jurisdiction to grant default judgment is determined from looking at the entire record and not only a part thereof. *See Uvalde*, 690 S.W.2d at 885.

We affirm because the record in this case reflects strict compliance with the procedural rules relating to the issuance of service and return of citation and because appellant's failure to timely file its answer was a result of its failure to act timely. Contained within the record of this case are the following:

**504**

1. The original petition filed by Schmitz which identified Dentex as a Texas corporation and Joel T. Freedman as its registered agent for service.

2. A completed return of citation, unserved, with the officer's notation "RETURNED UNEXECUTED FOR THE REASON THAT JOEL T. FREEDMAN IS NOW DECEASED. THE NEW PRESIDENT FOR THE CORPORATION IS MR. JAMES MASINO. RETURNED FOR CORRECTIONS."

3. A completed return, of a citation, directed to "Dentex Shoe Corporation by serving Mr. James Masino," with the return stating that it was executed "by delivering to the within named Dentex Shoe Corporation by serving Mr. James Masino each, in person, a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and indorsed on such copy of citation the date of delivery."

4. Dentex's motion for new trial alleging that its failure to timely file an answer was the result of accident and mistake in the inadvertent failure of an employee of Dentex to return to counsel an affidavit in support of a motion to transfer venue.

5. A letter, attached as an exhibit to the motion for new trial, from Dentex's attorney to Mr. James Masino, Dentex Shoe Corporation, referencing the pending suit by cause number and style and forwarding for signature an affidavit in support of the motion to transfer venue.

Notably absent from the record are the following:

1. A statement of facts from the hearing on default judgment or anything evidencing unavailability to appellant of a statement of facts.

2. A statement of facts from a hearing on Dentex's motion for new trial. (Dentex's motion was overruled by operation of law.)

3. The purported affidavit described in a letter from Dentex's attorney to Masino which would reflect Masino's authority to represent Dentex.

The fact that neither the appellee's original pleading nor a citation issued at appellee's request identifies James Masino as appellant's president does not make the record in this case insufficient to support the default judgment upon direct attack. The statement identifying Masino in the unexecuted return, which is certainly a more objective statement than any of appellee's allegations, is entitled to consideration equal to that of a pleading and is sufficient to sustain the default judgment by showing compliance with the statutes and rules.

Further, appellant's affidavit establishes that appellant's failure to answer was a result of a failure of an employee to return an affidavit in support of a motion to transfer venue to counsel and not a result of defective service. *See NRTRX Corp. v. Story,* 582 S.W.2d 225, 227 (Tex.Civ.App.— Fort Worth 1979, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.