**PLEASANT HOMES, INC. and Ray J. Stockman, Petitioners,**

v.

**ALLIED BANK OF DALLAS, Respondent.**

No. C–8100.

Supreme Court of Texas.

June 28, 1989.

**154**

Joe N. Boudreaux, Gary Johnson, Dallas, for petitioners.

John A. Gilliam, Louis J. Weber, Jr., Charles A. Gall, Dallas, for respondent.

PER CURIAM.

■ The application for writ of error of petitioners, Pleasant Homes, Inc. and Ray J. Stockman, is denied, as the default judgment was properly reversed on other grounds. In so doing, however, the majority of the court disapproves of the court of appeals' conclusion that a default judgment against a bank could not stand because the record on appeal did not affirmatively show that the individual at the bank, who was served with process in accordance with Texas Revised Civil Statutes article 342–915 (1989), was in fact the bank's vice-president, cashier, or agent for service. 757 S.W.2d 460, 462–63.

■ A return showing delivery of process to a vice-president or president, as authorized by applicable statute, is prima facie evidence that the person served is in fact the officer as designated. It is not necessary for either the petition or citation to designate the officer to be served by name if the face of the record affirmatively shows the person's authority. *See Dentex Shoe Corp. v. F.E. Schmitz Co.,* 745 S.W.2d 503 (Tex.App.—Fort Worth 1988, writ denied); *NRTRX Corp. v. Story,* 582 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). A defendant who contends that the person served was not in fact a proper officer for service has the

burden to present evidence to the trial court of improper service by motion for new trial or motion to set aside default judgment. Here, the defendant made no such showing. The statement in the return of service identifying Beverly Waters as a "V.P." indicates that she was a vice-president of the bank. This return would have been sufficient to sustain a default judgment.

HECHT, J., not sitting.