TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00571-CV






Johnny's Mercedes, Inc., Appellant



v.



Walter Barrett, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY 


NO. 240,740, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 Walter Barrett sued Johnny's Mercedes, Inc. for negligence and violations of the
Deceptive Trade Practices-Consumer Protection Act ("DTPA"). See Tex. Bus. & Com. Code
Ann. §§ 17.41 et seq. (West 1987 & Supp. 1999). Johnny's Mercedes failed to answer the lawsuit
and the county court at law rendered a default judgment in favor of Barrett. Johnny's Mercedes
contends there was not strict compliance with the rules of civil procedure regarding citation and
service of process and therefore the default judgment should be reversed. We will affirm the
judgment. 


Background


 On May 13, 1996, Johnny's Mercedes performed transmission repairs on Barrett's
Mercedes automobile. On May 8, 1998, Barrett filed suit against Johnny's Mercedes alleging
negligence and violations of the DTPA arising from the May 1996 repair work. Barrett's petition
asserted that Johnny's Mercedes could be "served with process by delivering a copy of the
citation, with a copy of the petition attached, to its registered agent Henry R. Perez at 6010 North
Lamar, #107, Austin, Texas 78752." The county clerk issued a citation for service "to Johnny's
Mercedes, Inc. By and through serving its REGISTERED AGENT: Henry R. Perez" at the
address set out in the petition. The entire citation was printed or typed with the exception of the
name of the registered agent for service of process, "Henry R. Perez," which was handwritten. 
The return of service which appears in the record shows delivery on May 8, 1998, to "JOHNNY'S
MERCEDES, INC., by delivering to JOHNNY PEREZ, president." Johnny's Mercedes did not
answer the lawsuit or appear at an evidentiary hearing held on June 8. The county court at law
entered a default judgment against Johnny's Mercedes and awarded Barrett $52,287.50 as damages
and attorney's fees. On June 9, the Travis County Clerk sent Johnny's Mercedes notice of the
default judgment. Johnny's Mercedes did not file a motion for new trial, request findings of fact
and conclusions of law, or file a motion to set aside the default judgment in the trial court. On
September 15, the Travis County Clerk issued a writ of execution. On October 20, Johnny's
Mercedes timely perfected a restricted appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.013
(West 1997); Tex. R. App. P. 26.1(e). 


Discussion


 Johnny's Mercedes contends that the default judgment should be reversed because
the record reflects that (1) the citation was improperly amended and (2) service of the citation was
not effected on a named defendant because there was no allegation or proof on the face of the
record that Johnny Perez, who accepted service, was an officer in the corporation.

 To succeed on a restricted appeal one must show: (1) the appeal was brought within
six months of the date the judgment is signed by the court, (2) by a party to the suit, (3) who did
not participate in the hearing that resulted in the judgment complained of; (4) error must appear
on the face of the record, and (5) the appellant must not have timely filed a post-judgment motion,
a request for findings of fact or conclusions of law, or a timely notice of appeal. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 51.012 and 51.013 (West 1997); Tex. R. App. P. 26.1(c), 30;
Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (citing DSC
Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991)); L.P.D. v. R.C., 959 S.W.2d 728, 729-30 (Tex. App.--Austin 1998, pet. denied). A restricted appeal affords an appellant the same scope
of review as an ordinary appeal--review of the entire case. Norman Communications, 955 S.W.2d
at 270. The only restriction on the scope of review is that the error must appear on the face of the
record. Id. (citing General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 943 (Tex.
1991)). The record consists of all papers filed with the trial court, including the clerk's and the
reporter's records. Norman Communications, 955 S.W.2d at 270 (citing DSC Fin. Corp., 815
S.W.2d at 551); L.P.D., 959 S.W.2d at 730. The only question before us is whether error
appears on the face of the record, the other elements necessary for a successful restricted appeal
being undisputed.

 When a default judgment is attacked directly by a restricted appeal, the face of the
record must show that there was strict compliance with the rules of civil procedure respecting the
issuance of citation, the manner and mode of service, and the return of process. See McKanna v.
Edgar, 388 S.W.2d 927, 929 (Tex. 1965). There are no presumptions in favor of valid issuance,
service, and return of citation in a review of a no-answer default judgment. Uvalde Country Club
v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). Failure to affirmatively show
strict compliance with the rules of civil procedure renders the attempted service invalid and of no
effect. Uvalde Country Club, 690 S.W.2d at 885. The trial court's jurisdiction is dependent upon
citation being issued and served in a manner provided by law. Wilson v. Dunn, 800 S.W.2d 833,
836-37 (Tex. 1990). We determine if the citation and service of process were proper or whether
error appears on the face of the record.


Handwritten Name of Agent For Service of Process

 In its first issue, Johnny's Mercedes contends that the citation cannot support the
default judgment because it was "amended sometime after it was printed or typed by adding the
name Henry Perez as the agent for service" for Johnny's Mercedes. (1) 

 Johnny's Mercedes contends that the face of the record does not affirmatively show
that the handwritten name of Henry Perez was an amendment made by the clerk before issuance
or that the county court ordered the amendment be made after issuance of the citation. 

 Texas Rule of Civil Procedure 118 provides that:


At any time in its discretion and upon such notice and on such terms as it deems
just, the court may allow any process or proof of service thereof to be amended,
unless it clearly appears that material prejudice would result to the substantial rights
of the party against whom the process issued.


Tex. R. Civ. P. 118.

 Barrett responds that the citation is not flawed because the record does not reflect
that the handwritten name changed or amended the citation in any way from what was originally
served. Additionally, Barrett argues that the rules of civil procedure do not require that the
citation be printed or typed in its entirety. See Tex. R. Civ. P. 99 (issuance and form of citation). 
 Rule 99 requires that the name of the defendant and the person to be served appear
as part of the citation. Id. Rule 99 does not require a citation to be typed or printed in its entirety. 
Although Johnny's Mercedes contends that the handwritten name was an addition, amendment or
change to the citation, the record does not reflect that fact. There was strict compliance with Rule
99--the name of the defendant and the person to be served appeared as part of the citation. The
first issue is overruled. 


Service Upon Person Not Named as a Defendant in the Petition

 In its second issue, Johnny's Mercedes contends that service of process was not
effected on a named defendant. Johnny's Mercedes contends that there was no proof or assertion
in the record that Johnny Perez was an officer of the corporation that would be an agent for service
of process pursuant to the Texas Business Corporation Act, article 2.11(A). See Tex. Bus. Corp.
Act Ann. art. 2.11(A) (West 1980). 

 The return of service states that the citation, with the petition and requests for
production attached, was 


[e]xecuted at 319 E. Ben White Blvd., Austin TX. 78704, within the County of
Travis by delivering to JOHNNY'S MERCEDES, INC., by delivering to JOHNNY
PEREZ, president, in person, a true copy of the above specified civil process
having first endorsed on such copy the date of delivery. 


(Emphasis added.)

 "The president and all vice presidents of the corporation and the registered agent
of the corporation shall be agents of such corporation upon whom any process, notice, or demand
required or permitted by law to be served upon the corporation may be served." Tex. Bus. Corp.
Act. Ann. art. 2.11 (West 1980). A return showing delivery of process to a vice-president or
president, as authorized by applicable statute, is prima facie evidence that the person served is in
fact the officer as designated. Pleasant Homes, Inc. v. Allied Bank of Dallas, 776 S.W.2d 153,
154 (Tex. 1989). It is not necessary for either the petition or citation to designate the officer to
be served by name if the face of the record affirmatively shows the person's authority. Id. "A
defendant who contends that the person served is not in fact a proper officer for service has the
burden to present evidence to the trial court of improper service by motion for new trial or motion
to set aside default judgment." Id. 

 The return of service in this case states that it was delivered to "JOHNNY'S
MERCEDES, INC., by delivering to JOHNNY PEREZ, president." The return of service
provides prima facie evidence on the face of the record that Johnny Perez was president of
Johnny's Mercedes. Id. If this was incorrect, it was Johnny's Mercedes's burden to present
evidence to the trial court that Johnny Perez was not a proper officer for service of process by a
motion for new trial or motion to set aside a default judgment. (2) The return of service was
sufficient to sustain the default judgment. The second issue is overruled.



Conclusion


 Finding no error apparent on the face of the record, we affirm the default judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 12, 1999

Do Not Publish
1.   As noted by Barrett, Johnny's Mercedes does not contend that Henry Perez is not the actual
registered agent for service. 
2.   Johnny's Mercedes does not complain that it did not receive notice of the default judgment
within thirty days after the judgment was signed. 




just, the court may allow any process or proof of service thereof to be amended,
unless it clearly appears that material prejudice would result to the substantial rights
of the party against whom the process issued.


Tex. R. Civ. P. 118.

 Barrett responds that the citation is not flawed because the record does not reflect
that the handwritten name changed or amended the citation in any way from what was originally
served. Additionally, Barrett argues that the rules of civil procedure do not require that the
citation be printed or typed in its entirety. See Tex. R. Civ. P. 99 (issuance and form of citation). 
 Rule 99 requires that the name of the defendant and the person to be served appear
as part of the citation. Id. Rule 99 does not require a citation to be typed or printed in its entirety. 
Although Johnny's Mercedes contends that the handwritten name was an addition, amendment or
change to the citation, the record does not reflect that fact. There was strict compliance with Rule
99--the name of the defendant and the person to be served appeared as part of the citation. The
first issue is overruled. 


Service Upon Person Not Named as a Defendant in the Petition

 In its second issue, Johnny's Mercedes contends that service of process was not
effected on a named defendant. Johnny's Mercedes contends that there was no proof or assertion
in the record that Johnny Perez was an officer of the corporation that would be an agent for service
of process pursuant to the Texas Business Corporation Act, article 2.11(A). See Tex. Bus. Corp.
Act Ann. art. 2.11(A) (West 1980). 

 The return of service states that the citation, with the petition and requests for
production attached, was 


[e]xecuted at 319 E. Ben White Blvd., Austin TX. 78704, within the County of
Travis by delivering to JOHNNY'S MERCEDES, INC., by delivering to JOHNNY
PEREZ, president, in person, a true copy of the above s