**HERCULES CONCRETE PUMPING SERVICE, INC., Appellant,**

v.

**BENCON MANAGEMENT AND GENERAL CONTRACTING CORPORATION, Appellee.**

No. 01–99–00665–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 29, 2001.

Jeffrey A. Lehmann, Lehmann & Associates, John B. Wallace, Giessel, Barker & Lyman, P.C., Houston, for Appellant.

Philip H. Azar, II, Lawrence S. Rothenberg, Attorney at Law, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices JENNINGS *

* The Honorable Eric Andell, who was originally a member of this panel, left office on December 31, 2000, and was replaced by the Honorable Terry Jennings.

and DUGGAN.**

## OPINION ON MOTION FOR REHEARING

MICHAEL H. SCHNEIDER, Chief Justice.

On this day, the Court considered appellee's motion for rehearing and motion for rehearing en banc. The motions are **DENIED.** However, the panel withdraws its opinion of February 10, 2000, and substitutes this opinion in its stead.

Appellant, Hercules Concrete Pumping Service, Inc. (Hercules), brings this restricted appeal from a no-answer default judgment granted in favor of appellee, Bencon Management and General Contracting Corporation (Bencon).[1] Among other complaints, Hercules argues that the return of citation does not show service on it and, accordingly, the default judgment should be reversed. We reverse and remand.

## BACKGROUND AND PROCEDURAL HISTORY

In 1996, general contractor Bencon hired subcontractor Hercules to service an underground pipe. During the pumping operations, the PVC pipe collapsed making it totally unfunctional for its purpose.

In 1998, Bencon filed suit against Hercules for damages. Hercules did not enter an appearance and did not file an answer. Bencon moved for a default judgment stating: (1) citation issued on October 23,

1998; and (2) Hercules was properly and personally served with citation and a copy of Bencon's petition on October 29, 1998. Bencon's certificate of last known address listed Hercules's address as 1330 Genoa, South Houston, Harris County, Texas 77587 and named its registered agent, at the same address, as George W. Brock.

The trial court granted Bencon's motion for default judgment, and, after a hearing, entered judgment in Bencon's favor. Bencon was awarded damages, attorney's fees, and interest. Hercules filed a notice of restricted appeal. *See* Tex.R.App. P. 26.1(c), 30.[2]

## RESTRICTED APPEAL

■ To succeed on a restricted appeal, a party is required, among other things, to show that error is apparent on the face of the record. Tex.R.App. P. 30; *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *see Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)[3]. That is the only issue disputed in this case.

■ A restricted appeal is a direct attack. *Barker CATV*, 989 S.W.2d at 792; *see Primate*, 884 S.W.2d at 152. The record must affirmatively show strict compliance with the rules for service of citation in order for a default judgment to withstand direct attack. *Barker CATV*, 989 S.W.2d at 792; *Primate*, 884 S.W.2d at 152. If strict compliance is not affirmatively shown, the service of process is in-

---

** The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. We use the proper name of "Bencon" as it appears in the judgment of January 11, 1999.

2. Hercules later filed an amended notice of restricted appeal in this Court that complies with Tex.R.App. P. 25.1(d)(7), (f). The amend-

ed notice of appeal was filed before appellant Hercules filed its brief.

3. We note that *Primate* concerns a writ of error under former rule 45 of the Texas Rules of Appellate Procedure. *See* Tex.R.App. P. 45, Tex. B.J. 570 (Tex.1986, superceded 1997). Restricted appeals replaced writ of error appeals under current Tex.R.App. P. 30.

valid and has no effect. *Barker CATV,* 989 S.W.2d at 792. There are no presumptions in favor of valid issuance, service, or return of citation in the face of a restricted appeal attack on a default judgment. *See Primate,* 884 S.W.2d at 152.

## SUFFICIENCY OF THE RETURN OF CITATION

Hercules attacks the return of citation here as fatally defective .[4] The return reads as follows:

> Received on the 28th day of Oct., 1998 at 9:25 o'clock A.M., and executed the same in Harris County, Texas, on the 29th day of Oct., 1998, at 12:07 o'clock P.M., by summoning the ———, a corporation (by delivering to George W. Brock, in person ——— (by leaving in the principal office during office hours ——— of the said Hercules Concrete Pumping a true copy of this notice, together with accompanying copy of *original petition*
>
> Serving ——— cop —— $ 45.00
>> By /s/ L.B. Rogers
>> Deputy
>> L.B. Rogers (stamped)
>> Bill Bailey, Constable (stamped)
>> Precinct No. 8, Harris County (stamped)

(Underlining and italics indicate handwritten insertions.) The return does not show the position of George W. Brock, nor does it give the complete, correct name of the party being sued. Rather than naming "Hercules Concrete Pumping Service, Inc.," it names "Hercules Concrete Pumping."

Hercules argues that the return of service is defective because it shows service on "George W. Brock" or on "the principal office," neither of which was sued in this case and neither of which is named in the judgment. Further, Hercules asserts that the return "fails absolutely" to show service upon it, and, thus, is fatally defective. Bencon responds that reviewing the record in its entirety, including the citation and the return of service, establishes that Hercules was duly served with process through its registered agent, George W. Brock.

In *Primate,* the Texas Supreme Court stated that the return of citation is not a trivial, formulaic document. 884 S.W.2d at 152. The return is considered prima facie evidence of the facts recited therein. *Id.* The recitations in the return carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. *Id.*

The language of the return, "George Brock, in person ——— of the said Hercules Concrete Pumping," does not establish that the person served is in fact the defendant's registered agent for service of process. Nor does it establish that the "Hercules Concrete Pumping" served was the defendant below, Hercules Concrete Pumping Service, Inc. *See Pleasant Homes, Inc. v.. Allied Bank of Dallas,* 776 S.W.2d 153, 154 (Tex.1989) (not necessary for petition or citation to designate officer to be served by name if face of record affirmatively shows person's authority); *Barker CATV,* 989 S.W.2d at 793 (return insufficient where it did not state delivered to corporation through its registered agent, James M. Barker); *Verlander Enters., Inc. v. Graham,* 932 S.W.2d 259, 261(Tex.App.—El Paso 1996, no writ) (no-

---

4. The return was located at the bottom of the page also containing the citation. The citation was directed to: "HERCULES CONCRETE PUMPING SERVICE INC. (TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT GEORGE W. BROCK, 1330 GENOA, SOUTH HOUSTON TX 77587 ."

tation "Jim Gore" on return does not establish that person served is in fact agent for service of process or that corporation was served); *Brown–McKee, Inc. v. J.F. Bryan & Assoc.*, 522 S.W.2d 958, 959 (Tex. Civ.App.—Texarkana 1975, no writ) (use of corporate name in return different from that in citation indicates a different entity; therefore, record does not affirmatively show service on defendant).

This is not a situation in which only the corporate designation of the entity named in the return has been omitted. *See Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex.App.—Corpus Christi 1996, writ denied) (holding that omission of corporate designation "Inc." from return did not invalidate service). In this case, the word "Service," *a portion of the entity's name,* has been omitted from the return. It is common knowledge that related corporate entities often share a portion of the same name, but are, nonetheless, separate and distinct corporate entities. Thus, even though the return in this case shows service on "Hercules Concrete Pumping," it does not show service on "Hercules Concrete Pumping Service, Inc." It is entirely possible that there are several corporate entities whose name begins with the words "Hercules Concrete Pumping." Because of the incomplete name of the corporate entity served, we believe the return is insufficient.

## CONCLUSION

Because the return of citation "fails absolutely" to show service on the defendant, Hercules Concrete Pumping Service, Inc., the return was fatally defective. *See Barker CATV*, 989 S.W.2d at 793; *Primate*, 884 S.W.2d at 152–53. Proper service not being affirmatively shown, there is

error on the face of the record. *See Primate*, 884 S.W.2d at 153.

Accordingly, we sustain appellant's first issue, reverse the judgment of the trial court, and remand the cause to the trial court for further proceedings. The disposition of the first issue makes unnecessary a discussion of the remaining issues.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.

Justice MIRABAL dissents from the denial of the motion for rehearing en banc.

MARGARET GARNER MIRABAL, Justice, dissenting on denial of rehearing en banc.

Because the record reflects proper service on appellant, I respectfully dissent.[1]

### The Law

When a default judgment is attacked by restricted appeal, it is essential that the record affirmatively show strict compliance with the rules for service of citation in order for the default judgment to survive the attack. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). Strict compliance, however, does not require "obeisance to the minutest detail." *Ortiz v. Avante Villa At Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex.App.—Corpus Christi 1996, writ denied); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex.App.—Houston [1st Dist.] 1995, no writ). As long as the record as a whole (including the petition, citation, and return) shows that the citation was served on the defendant in the suit, service of process will not be invalidated. *See Regalado v. State*, 934 S.W.2d 852, 854

---

1. This dissent is filed pursuant to Tex.R.App. P. 47.5, as a result of the denial of appellee's      motion for rehearing en banc.

(Tex.App.—Corpus Christi 1996, no writ); *Ortiz*, 926 S.W.2d at 613; *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

## The Facts

In the present case, the original petition states:

> Defendant, Hercules Concrete Pumping Service, Inc., is a Texas Corporation, with its principal place of business in Harris County, Texas, and which may be served with process by serving its registered agent, George W. Brock, at 1330 Genoa, South Houston, Harris County, Texas 77587.

The citation and return, which appear on the same side of one sheet of paper, state, in relevant part, as follows:

### CITATION

TO:  HERCULES CONCRETE PUMPING SERVICE INC. (TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT GEORGE W. BROCK 1330 GENOA SOUTH HOUSTON, TX 77587

Attached is a copy of ORIGINAL PETITION.... The instrument attached describes the claim against you.
YOU HAVE BEEN SUED.

------

### RETURN

Received on the 28th day of Oct., 1998, at 9:25 o'clock a.m., and executed the same in Harris County, Texas, on the 29th day of Oct. 1998, at 12:07 o'clock p.m., ... by delivering to George

W. Brock, in person of the said Hercules Concrete Pumping a true copy of this notice, together with accompanying copy of original petition.

## ANALYSIS

The majority opinion holds that, looking at the return in a vacuum (without considering the citation or the original petition), there is error on the face of the record because "the return does not show the position of George W. Brock,[2] nor does it give the complete, correct name of the party being sued."[3] The majority's holding is directly contrary to the holdings of other courts. *See Ortiz*, 926 S.W.2d at 612 (holding omission of corporate designation from return of service does not invalidate service when citation and attached petition both fully name defendant with proper designation); *Payne*, 732 S.W.2d at 41 (concluding when petition and citation both state name and capacity of registered agent, return showing service on that named person is not fatally defective for failure to state capacity as registered agent).

Respectfully, the majority's reliance on *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1999, no pet.) as support for its holding is misplaced because *Barker* is clearly distinguishable. There, the face of the record created uncertainty about whether the person who was served was the person who was identified in the citation as the registered agent for the corporate defendant. *Id.* The citation stated the corporation could be served by serving "Registered Agent, James M. Barker, 128 Northwest Ellison"; the return stated ser-

---

**2.** The majority holds the return itself must state that George W. Brock is the registered agent.

**3.** The majority concludes it is a fatal defect for the return to fail to state the full name of the defendant, Hercules Concrete Pumping Service, Inc.

vice was executed on "James Barker at 300 Boone A11." *Id.* Because the return stated a different address, made no mention of the defendant company, and did not give a middle initial for the person served, the face of the record did not provide reasonable certainty that the person served was the registered agent of the defendant. *Id.* at 793.

In contrast, the return in the present case specifically states that the citation was served on "George W. Brock, in person of the said Hercules Concrete Pumping." The record here, as a whole, shows with reasonable certainty that the citation was properly served on defendant Hercules Concrete Pumping Service, Inc. by service on its registered agent, George W. Brock.

Accordingly, I would overrule appellant's first issue.