ACCEPTED
03-14-00372-CV
3662645
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 11:29:25 AM
JEFFREY D. KYLE
CLERK

**ORAL ARGUMENT REQUESTED**

**NO. 03-14-00372-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 11:29:25 AM
JEFFREY D. KYLE
Clerk

**IN THE COURT OF APPEALS
FOR THE
THIRD APPELLATE DISTRICT OF TEXAS
AT AUSTIN**

_____

**ELIZABETH A. WHITE,**
**Appellant,**

**v.**

**CLEAN SLATE SERVICES, INC.**
**D/B/A SERVPRO OF NORTH CENTRAL AUSTIN,**
**Appellee.**

_____

**Appealed from the 261st Judicial District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-13-002841**

_____

**BRIEF OF APPELLEE, CLEAN SLATE SERVICES, INC.**

**J. Lee Jarrard, Jr.**
**State Bar No. 10578200**
**jljarrard@lawdietz.com**

**Douglas G. Cornwell**
**State Bar No. 24009024**
**dgcornwell@lawdietz.com**

**DIETZ & JARRARD, P.C.**
**106 Fannin Ave. East**
**Round Rock, Texas 78664**
**Telephone (512) 244-9314**
**Facsimile (512) 244-3766**

# IDENTITY OF THE PARTIES

APPELLANT:

Elizabeth A. White
712 Kingston Lacy Blvd.
Pflugerville, Texas 78660

APPELLANT'S ATTORNEY AT TRIAL AND ON APPEAL:

Charles Septowski
State Bar No. 18032325
profchaz@hotmail.com
12115 Lavinia Lane
Austin, Texas 78753
P.O. Box 943
Round Rock, Texas 78680
Telephone: (512) 744-8115
Facsimile: (866) 856-2784

APPELLEE:

***Clean Slate Services, Inc. d/b/a Serv Pro of North Central Austin***
13900 I-35 North, Suite J-1
Austin, Texas 78728

APPELLEE'S ATTORNEYS AT TRIAL AND ON APPEAL

J. Lee Jarrard, Jr.
State Bar No. 10578200
jljarrard@lawdietz.com
Douglas G. Cornwell
State Bar No. 24009024
dgcornwell@lawdietz.com
106 Fannin Avenue East
Round Rock, Texas 78664
Telephone:  (512) 244-9314
Facsimile:  (512) 244-3766

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUES PRESENTED

Response Point No. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

> The trial court, within its plenary power, granted a timely filed motion for new trial. Accordingly, there is no final judgment available from which to appeal and the trial court retains its plenary power over this case. As such, this Court lacks jurisdiction to determine Appellant's issues.

Response Point No. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

> The record contains sufficient evidence to support the trial court's granting of the motion for new trial.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Response Point No. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Response Point No. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

PRAYER .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

APPENDIX INDEX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# **TABLE OF AUTHORITIES**

## Cases

*Bell v. Carnival Corporation*,
>    2014 WL 1414308 (Tex. App.–Dallas, April 2, 2014, Memorandum Opinion)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cummins v. Paisan Construction Company*,
>    682 S.W.2d 235, 235-36 (Tex. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Director, State Employees Workers' Compensation Division v. Evans*,
>    889 S.W.3d 266, 268 (Tex. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Pleasant Homes v. Allied Bank of Dallas*,
>    776 S.W.2d 153, 154 (Tex. 1989).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wilkins v. Methodist Health Care System*,
>    160 S.W.3d 559, 563 (Tex. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Statutes and Codes

Tex. R. Civ. P. 329b(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Tex. R. Civ. P. 329b(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Tex. R. Civ. P. 329b(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF THE CASE

On August 16, 2013, Appellant brought suit for damages against Appellee based on an alleged breach of contract associated with the water removal services provided by Appellee following a water leak within Appellant's home. CR, pp. 3-19.[1] On April 1, 2014, Appellant obtained a default judgment against Appellee as to liability only. CR, pp. 20. Thereafter, on April 3, 2014, Appellant obtained a final default judgment against Appellee as to damages. CR, pp. 21.

Upon learning of the entry of the default judgment, Appellee filed its Motion for New Trial on April 23, 2014. CR, pp. 22-31. The primary basis for Appellee's Motion for New Trial was the established fact that Defendant was never served with the Citation and Original Petition and as such was unaware that the lawsuit had been filed against it until receiving notice of the default judgment. CR, pp. 22-31. Appellee's motion for new trial was supported by two affidavits, each of which contained corroborating documentary evidence, establishing that service on Defendant on the date and time represented in the return of citation was impossible. CR, pp. 24-31.

On May 9, 2014, Appellee filed and served a notice of hearing for its motion for new trial. CR, pp. 32-33. Appellant presented no evidence controverting the

---

[1] Reference abbreviations are: Clerk's Record - "CR" and Appellee's Appendix - "App."

evidence presented by Appellee's motion for new trial. CR, pp. 34-38. On June 5, 2014, Appellee's motion for new trial was heard. At the conclusion of the hearing, Judge Gus J. Strauss, Jr. granted Appellee's motion for new trial. CR, pp. 85 and a copy of which is attached to Appellant's Brief as an appendix.

# ISSUES PRESENTED

RESPONSE POINT NO. 1 (in response to Appellant's Issues Nos. 1, 2, and 3):

> The trial court, within its plenary power, granted a timely filed motion for new trial. Accordingly, there is no final judgment available from which to appeal and the trial court retains its plenary power over this case. As such, this Court lacks jurisdiction to determine Appellant's issues.

RESPONSE POINT NO. 2 (in response to Appellant's Issues Nos. 1, 2, and 3):

> The record contains sufficient evidence to support the trial court's granting of the motion for new trial.

**STATEMENT OF FACTS**

On August 16, 2013, Appellant brought suit for damages against Appellee based on an alleged breach of contract associated with the water removal services provided by Appellee following a water leak within Appellant's home. CR, pp. 3-19. Specifically, Appellant by her petition contends that several hundred gallons of water flooded her home when a water filter on her refrigerator leaked during the night, and that Appellee caused her property damages and emotional distress damages in excess of $4 million by failing to follow her instructions on how best to extract that water from her carpeting and baseboards. CR, pp. 3-19. The parties to this litigation, as well as their attorneys and representatives, had been working through Appellant's claims for quite sometime before Appellant filed suit on August 16, 2013. CR, p. 25.

Despite Appellant having filed suit on August 16, 2013, the alleged service of citation by a private process server was delayed until February 15, 2014 at 10:45 a.m. when citation was supposedly served on Appellee's registered agent, Christopher von Schweinitz, at his home address. CR, p. 24-25. On April 1, 2014, Appellant obtained a default judgment against Appellee as to liability only. CR, pp. 20. Thereafter, on April 3, 2014, Appellant obtained a final default judgment against Appellee as to damages in the amount of $4,850,000.00. CR, pp. 21. Even though counsel for Appellant was aware that Appellee had been represented by counsel, no notice was

given to Appellee prior to the entry of the final default judgment. CR, p. 25.

After learning of the entry of the final judgment and within thirty (30) days of entry of the first default judgment, Appellee filed its Motion for New Trial on April 23, 2014. CR, pp. 22-31. The primary basis for Appellee's Motion for New Trial was the fact that Defendant was never served with the Citation and Original Petition and as such was unaware that the lawsuit had been filed against it. CR, pp. 22-31. Appellee's motion for new trial is supported by two affidavits. CR, pp. 24-31. The first affidavit is by Christopher von Schweinitz, president and registered agent for Appellee, by which he swears that he was not personally served with the underlying petition and citation, and further that service on him at his residence as alleged in the return of citation was impossible because he was not present at that address at the time the alleged service was to have occurred. CR, pp. 24. Mr. von Schweinitz swears to his location at the time of the alleged service and explains, with corroborating documentary evidence, why he is certain about his location and his absence from his home at the time of the alleged service. CR, pp. 24-27. The second affidavit is by Ryan Oliver, an uninterested third-party, who corroborates the statements made by Mr. von Schweinitz concerning his whereabouts at the time of the alleged service. CR, pp. 28-31.

On May 9, 2014, Appellee filed and served a notice of hearing for its motion

for new trial.  CR, pp. 32-33.  On May 12, 2014, Appellant filed and served its response to Appellee's motion for new trial, but attached no evidence controverting the two affidavits attached to the motion for new trial.  CR, pp. 34-38.  On June 5, 2014 and within the Court's period of plenary power, Appellee's motion for new trial was heard.  At the conclusion of the hearing, Judge Gus J. Strauss, Jr. granted Appellee's motion for new trial.  CR, pp. 85.  In the order granting Appellee's motion for new trial, the trial court states that it considered "Defendant's Motion for New Trial, the response thereto, and the evidence adduced at the hearing..."  CR, pp. 85.

## SUMMARY OF THE ARGUMENT

By this appeal, Appellant seeks direct review of the granting of Appellee's timely filed motion for new trial which was ruled upon by the trial court during its period of plenary power over the default judgment. As such, there is no final order from which to appeal and therefore this Court lacks jurisdiction to rule on the issues presented.

Further, even if Appellant has a right to seek a direct review of the granting of the motion for new trial, the record includes sufficient evidence for the trial court to base its ruling.

## ARGUMENT

**I. RESPONSE POINT NO. 1 (Response to Appellant's Issues 1, 2, and 3):**

**The trial court, within its plenary power, granted a timely filed motion for new trial. Accordingly, there is no final judgment available from which to appeal and the trial court retains its plenary power over this case. As such, this Court lacks jurisdiction to determine Appellant's issues.**

The facts presented to the trial court in support of a new trial established that Appellee was unaware that a lawsuit had been filed against it by Appellant until receiving notice that a default judgment had been taken. A default judgment as to liability was signed on April 1, 2014 and a final default judgment assessing almost $5 million in damages against Appellee was signed on April 3, 2014. CR, pp. 20-21. According to Texas Rule of Civil Procedure 329b(a), "a motion for new trial, if filed,

12

shall be filed prior to or within thirty days after the judgment or other order complained of is signed." App. A. Appellee filed and served its motion for new trial with supporting evidence on April 23, 2014. CR, pp. 22-31. Therefore, the motion for new trial was timely filed.

According to Texas Rule of Civil Procedure 329b(c), a motion for new trial must be determined by written order within seventy-five days after the judgment was signed, or it is overruled by operation of law. App. A. The trial court's order granting the motion for new trial was signed on June 5, 2014, which is within seventy-five days after the judgment was signed. CR, pp. 85. Further, according to Texas Rule of Civil Procedure 329b(e), if a motion for new trial is timely filed, the trial court's plenary power is extended until thirty days after such timely as the filed motions are overruled. App. A. In the present case, Appellant's motion was granted within the extended period of the trial court's plenary power and so the trial court retains its plenary power over this matter. According to the Texas Supreme Court, "when a trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Healthcare System*, 160 S.W.3d 559, 563 (Tex. 2005). Therefore, following the granting of the new trial the parties were returned to their positions before the default judgment was entered. Subsequently, Appellee filed its answer and counterclaims, which remain pending with the trial

court.  CR, pp. 91-101.

When a motion for new trial is timely filed, as it was in this case, and the motion is granted while the trial court retains plenary power, as it was in this case, the order granting the motion is not subject to review on appeal.  *Cummins v. Paisan Construction Company*, 682 S.W.2d 235, 235-36 (Tex. 1984); *Bell v. Carnival Corporation*, 2014 WL 1414308 (Tex.App.–Dallas, April 2, 2014 Memorandum Opinion).  With the trial court exercising its right to in effect vacate the default judgment by granting a new trial, there is no final judgment from which Appellant may appeal. Therefore, Appellee asks this Court to dismiss this appeal for want of jurisdiction.

## II.    RESPONSE POINT NO. 2 (Response to Appellant's Issues 1, 2, and 3):

**The record contains sufficient evidence to support the trial court's granting of the motion for new trial.**

Subject to and without waiving the jurisdictional argument set forth in Response Point No. 1, the record contains sufficient evidence to support the trial court's granting of the motion for new trial.  Contrary to the numerous assertions of the Appellant, there is a record in the case upon which the trial court based its grant of a new trial.  Although, there is no reporter's record of the hearing, the clerk's record contains the basis for the motion for new trial and un-controverted evidence

14

to support the trial court's granting of that motion.

As set forth in the statement of facts above, Appellee sought to have a $4,850,000 default judgment set aside because Appellee had not been served with the petition or the citation. Appellee's motion for new trial is primarily based upon insufficient/non-existent service. In her response to the motion for new trial and again in her appellate brief, Appellant argues that the return of citation is prima facie evidence of service and cites *Pleasant Homes v. Allied Bank of Dallas* as the legal standard by which a trial court is to determine whether service has been properly effected. However, a defendant which contends that it was not served is still permitted to present evidence to the trial court of improper service. *Pleasant Homes v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989). Further, Appellant admits as much in Appellant's Brief when she states "[t]he return imports its veracity and will be set aside only on clear and satisfactory evidence of its falsity, either from two witnesses, or by one witness supported by strong corroborating circumstances [citations omitted]." Appellant's Brief, pp. 10.

As specifically set forth in the statement of facts, the motion for new trial contained evidence from two witnesses, including a disinterested third-party, and corroborating circumstances. Conversely, Appellant's response to the motion for new trial did not contain any evidence. Although Appellee produced evidence from these

same two witness at the hearing and Appellant presented no witness in contravention, unfortunately there is no reporter's record of such. However, the Court's order makes reference to having given consideration to the motion and the evidence presented. Even so, the affidavits supplied by Appellee with its motion for new trial can be and were considered by the trial court when making its determination. See *Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.3d 266, 268 (Tex. 1994) (affidavits attach to a motion for new trial are part of the record and do not have to be offered into evidence to be considered by the trial court). The order granting the motion for new trial states that the judge considered the motion and response in making his determination. CR, pp. 85.

Since Appellee based its motion for new trial on the issue of improper/non-existent service and the record contains sufficient evidence upon which the trial court could have made its determination on that basis, this Court should affirm the granting of the motion for new trial.

## CONCLUSION and PRAYER

By this appeal, Appellant seeks direct review of the granting of Appellee's timely filed motion for new trial which was ruled upon by the trial court during its period of plenary power over the default judgment. As such, there is no final order from which to appeal and therefore this Court lacks jurisdiction to rule on the issues presented. Further, even if Appellant has a right to seek review of the granting of the

motion for new trial, the record includes sufficient evidence for the trial court to base its ruling.  For these reasons, Appellee prays that Appellant's appeal be denied.

## APPENDIX INDEX

Appendix A:          Tex. R. Civ. P. 329b

Respectfully submitted,

DIETZ & JARRARD, P.C.
106 Fannin Ave. East
Round Rock, Texas 78664
Telephone (512) 244-9314
Facsimile (512) 244-3766

/s/ *J. Lee Jarrard, Jr.*
By:_____
J. Lee Jarrard, Jr.
State Bar No. 10578200
jljarrard@lawdietz.com
Douglas G. Cornwell
State Bar No. 24009024
dgcornwell@lawdietz.com

## CERTIFICATE OF COMPLIANCE

This is to certify that this brief contains 2992 words in compliance with Tex. R. App. P. 9.4(i)(3).

*/s/ J. Lee Jarrard, Jr.*

_____
J. Lee Jarrard, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on this day a true and correct copy of the foregoing Brief of Appellee, Clean Slate Services, Inc. d/b/a Servpro of North Austin was served electronically and by facsimile on counsel listed below, on this the 6th day of January, 2015.

Charles Septowski
P.O. Box 943
Round Rock, TX 78680
*Attorney for Appellant,*
*Elizabeth A. White*

*/s/ J. Lee Jarrard, Jr.*

_____

J. Lee Jarrard, Jr.

TRCP 329b.  Time for Filing Motions

The following rules shall be applicable to motions for new trial and motions to modify, correct, or reform judgments (other than motions to correct the record under Rule 316) in all district and county courts:

(a)  A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.

...

(c)  In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

...

(e)  If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

...