**REVERSE and REMAND and Opinion Filed March 18, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00259-CV

**NEW RESIDENTIAL MORTGAGE, LLC, Appellant**
**V.**
**LEGACY BROKERAGE, LLC, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-01691-2022**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Garcia

In this restricted appeal, New Residential Mortgage, LLC ("NRM") appeals the trial court's entry of a final no-answer default judgment entered in favor of Legacy Brokerage, LLC ("Legacy"). In three issues, NRM argues there is error on the face of the record because: (i) the citation was issued in the wrong name, (ii) Legacy did not comply with the methods of service specified by TEX. R. CIV. P. 106(a), and (iii) the trial court awarded greater relief than Legacy requested. We conclude that NRM has established error apparent on the face of the record because the record does not reflect that the defendant named in the default judgment was

served with process. We therefore reverse the trial court's judgment and remand for further proceedings.

## I. BACKGROUND

Legacy acquired an interest in property in McKinney, Texas (the "Property") in a 2021 foreclosure sale of a homeowner's association lien. NRM claimed a superior lien interest in the Property.

Legacy filed suit to quiet title, alleging that NRM is the record owner of a deed of trust encumbering the Property (the "Deed of Trust"). The original petition caption names "New Residential Mortgate [sic] Company LLC," and the service paragraph requests service on "New Residential Mortgage Company, LLC." The petition requested that the court decree the Deed of Trust unenforceable, or alternatively, decree that Legacy is entitled to receive information sufficient to discharge the lien.

The citation names "New Residential Mortgage Company LLC," to be served through its registered agent, CT Corporation Systems. Six days after the original petition and citation were served, Legacy filed an amended petition correcting the name of NRM to "New Residential Mortgage LLC," but a new citation was not issued.

A return of service was filed on May 16, 2022, reflecting service on "New Residential Mortgage Company, LLC," by delivery to its registered agent, CT Corporation at its registered office. NRM did not answer or appear, so Legacy moved

–2–

for a default judgment. A supplement to the motion was filed on July 11, 2022, and included Secretary of State records showing the appointment of CT Corporation as registered agent for NRM, an affidavit from the process server attesting to the practices and procedures followed in serving CT Corporation during the pandemic, an acknowledgment from CT Corporation that process was received on April 8, 2022, and a copy of the assignment to NRM. The trial court granted final judgment in favor of Legacy against "New Residential Mortgage LLC" on September 28, 2022. The trial court's judgment decrees that the Deed of Trust is "terminated, set aside, and declared to be void." But the judgment also decrees:

> The Court further finds and DECREES that Defendant NEW RESIDENTIAL MORTGAGE, LLC **owns no interest whatsoever in and to the property** at 800 Aviary Rd., McKinney, Texas, and more particularly described as Lot 20, Block D, Falcon Creek Phase IV, an Addition to the City of McKinney, Collin County, Texas, according to the Map thereof recorded in Volume K, Page 589, Map Records of Collin County, Texas.

(Emphasis added). On March 20, 2023, NRM filed this restricted appeal.

## II.  ANALYSIS

### A.  Restricted Appeals

The law abhors default judgments. *Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc*., 260 S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.) (citing *Titan Indem. Co. v. Old S. Ins. Grp., Inc*., 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no pet.)). In a restricted appeal, an appellant may directly attack

such a judgment. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991).

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all the papers on file before the judgment as well as any reporter's record. *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied). Here, the record establishes, and neither party disputes, that the first three elements are met. We must therefore decide whether error appears on the face of the record.

## B.    Was Service Defective?

NRM argues that service was defective because the original petition named and citation was issued to "New Residential Mortgage Company, LLC," rather than New Residential Mortgage, LLC. "In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Dolly v. Aethos Communications Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Whether service strictly complied with the rules is a question of law we review de

–4–

novo. *Daigrepont v. Preuss*, No. 05-18-01271-CV, 2019 WL 2150916, at *3 (Tex. App.—Dallas May 17, 2019, no pet.) (mem. op.); *U.S. Bank Tr., N.A. v. AJ & SAL Enters., LLC, No*. 05-20-00346-CV, 2021 WL 1712213, at *2 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op.).

To withstand this challenge, the record must demonstrate strict compliance with service rules. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). "There are no presumptions in favor of valid issuance, service, and return of service." *Id*. If the record in a restricted appeal fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co., Inc*., 690 S.W.2d 884, 885 (Tex. 1985). When failure to comply with the rules renders the attempted service of process invalid, the trial court acquires no personal jurisdiction over the defendant. *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.).

A judgment based on improper service is void. *Id.* As the Texas Supreme Court has observed, "we rigidly enforce rules governing service when a default judgment is entered because the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so." *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007).

Legacy argues that naming and serving "New Residential Mortgage Company, LLC," rather than New Residential Mortgage, LLC, is a misnomer, not a

misidentification. Under Texas law, a misnomer occurs when a plaintiff sues the correct entity but misnames it. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex.1999). Conversely, a misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. *Id.* When a misnomer occurs, service upon the correct party is proper and the defendant is then under a duty to plead the misnomer and seek abatement. *Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d 932, 934 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

We recognize that strict compliance with the rules does not require "obeisance to the minutest detail." *Cate v. Posey*, No. 05-17-01216-CV, 2018 WL 6322170, at *2 (Tex. App.—Dallas Dec. 4, 2018, no pet.) (mem. op.). As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated. *Id.*

But the cases justifying slight deviations from service involve situations such as mistaken capitalization in a name or spelling errors too minor to raise any doubt that the correct person was served. *See, e.g., Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290–91 (Tex. App.—Dallas 2003, no pet.) (omission of a single letter at the end of defendant's name); *Color Smart, Inc. v. Little*, No. 04–00–00294–CV, 2001 WL 1230526, at *2 (Tex. App.—San Antonio Oct.17, 2001, no pet.) (not designated for publication) ("Spelling errors too minor to raise any doubt

that the correct person was served are insufficient to invalidate service."); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 612–13 (Tex. App.—Corpus Christi 1996, writ denied) (holding that omission of an accent mark and the substitution of "@" for "at" did not invalidate service); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) (concluding that service was not ineffective when the citation referred to the "petition" as a "complaint"); *Cockrell v. Estevez*, 737 S.W. 2d 138, 140 (Tex. App.—San Antonio 1987, no writ) (defendant's name misspelled in citation).

The correct name of a corporate entity, however, is not a minute detail. *See U.S. Bank Trust, N.A. v. AJ and SAL Enterp., LLC*, No. 05-20-00346-CV, 2021 WL 1712213, at *3 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op) (entity served not the entity named in petition and judgment); *Midstate Env'l Servs. LP v. Peterson*, 435 S.W.3d 287, 290 (Tex. App.—Waco 2014, no pet.) (discrepancy in named defendant and entity that was served); *Hercules Concrete Pumping Svs., Inc. v. Bencon Management and Cent'l Contracting, Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (incomplete name of corporate defendant). Rule 99 provides that a citation shall "show the names of the parties . . .." TEX. R. CIV. P. 99. An incorrect name of a party to the suit demonstrates that a citation is not in compliance. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W. 2d 884, 885 (Tex. 1985); *Patrick O'Connor & Assoc., L.P. v. Hall*, No. 01-15-

00661-CV, 2016 WL 4440665, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 23, 2016, pet denied) (mem. op.). Indeed, "virtually any deviation" from the rules "will be sufficient to set aside a default judgment in a restricted appeal." *Dolly*, 10 S.W.3d at 388.

Legacy contends that there is no cause for confusion in this case because the petition identified the property, the borrower, and the assignment through which NRM acquired an interest in the deed of trust. This ignores, however, that the defendant described is not the defendant who was named and served. Legacy was aware of this defect when it amended the petition to correctly name the party it intended to sue, but a new citation was never issued in the intended party's name.

Legacy also argues that there is no evidence that there is another entity named "New Residential Mortgage Company, LLC." While this may be true, it is equally feasible that there is such an entity. Regardless, in a restricted appeal, these are not inferences we are permitted to make. *See Primate*, 884 S.W.2d at 152; *see also Rome Engineering Serv., Ltd. v. Culberson,* 317 S.W.3d 506, 510 (Tex. App.—Dallas 2010, no pet.) (regardless of which entity was intended, the defendant named in the default was not served with process).

As our court has observed:

> Although the strict compliance requirements sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. This policy justifies what may at first blush seem a hyper-technical rule.

*Pro-Fire & Sprinkler, L.L.C. v. The Law Company,* 661 S.W.3d 156, 164 (Tex. App.—Dallas 2021, no pet.).

Because the record does not reflect service on "New Residential Mortgage LLC," the party against whom judgment was entered, service was defective. Proper service not being shown, there is error on the face of the record. *See Primate*, 884 S.W.2d at 153.

NRM's issue concerning defective service is sustained, and we need not reach the remaining issues. *See* TEX. R. APP. P. 47.1. We reverse the trial court's judgment and remand for further proceedings.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230259F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

NEW RESIDENTIAL
MORTGAGE, LLC, Appellant

No. 05-23-00259-CV        V.

LEGACY BROKERAGE, LLC,
Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-01691-
2022.
Opinion delivered by Justice Garcia.
Justices Breedlove and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant NEW RESIDENTIAL MORTGAGE, LLC recover its costs of this appeal from appellee LEGACY BROKERAGE, LLC.

Judgment entered March 18, 2024